**Kenneth Bruce KROHN**

v.

**UNITED STATES, et al.**

**Civ. A. No. 76–619–Z.**

United States District Court,
D. Massachusetts.

Oct. 4, 1983.

---

Kenneth B. Krohn, pro se.

Mark Robinson, Asst. U.S. Atty., U.S. D.C., D. Mass., James M. Pool, Boston, Mass., for defendants.

ZOBEL, District Judge.

This is the latest in a long line of judicial opinions and proceedings occasioned by the mysterious disappearance of Raul Hernandez-Bustamonte. Plaintiff, who was at various times arrested for and/or charged with kidnapping and murder during the course of the investigation into Mr. Hernandez-Bustamonte's apparent abduction, filed a thirty-eight count complaint in 1976 charging defendants with violations of his constitutional rights and of state law.[1] His claims are premised on the implied cause of action of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), on 42 U.S.C. § 1983, 28 U.S.C. § 2674, and on the pendent jurisdiction of this Court. Defendants are the United States, a former assistant United States attorney (Brown), seven named agents of the Federal Bureau of Investigation (Kennedy, Lynch, Dennedy, Riley, Williams, Muir and Baugh), certain "Unknown Named Agents of the United States Department of Justice," and one of plaintiff's former attorneys (Pool). The most recent decision in this case was issued on March 28, 1980, when I denied in part and allowed in part defendants' motions for summary

---

1. The complaint was later amended to include two additional counts, numbered Counts Forty-Three and Forty-Four.

judgment.[2] Now, upon the presentation of further affidavits and legal argument, all the defendants except Pool have again moved for summary judgment.

*The Constitutional Counts*

Counts One through Nine allege causes of action arising directly under the United States Constitution.

Count One charges that Brown and others, presumably the Unknown Named Agents, conspired with Pool to deprive plaintiff of his Sixth Amendment right to counsel and his Fifth Amendment rights to due process and to a fair trial.

■ In 1980, I dismissed Count One as to Pool because the facts as alleged did not state a claim for deprivation of due process, a fair trial, or effective assistance of counsel. The federal defendants now move that the law of the case requires that this count be dismissed as to them as well. Their argument is clearly correct because the facts as alleged do not support a claim that plaintiff was deprived by any one of these Fifth and Sixth Amendment rights.[3]

Count Two alleges that defendants Muir and Kennedy deprived plaintiff of his rights to liberty and property without due process of law by arresting him on March 9, 1973. These defendants assert that this claim is time barred.

■ Although neither the Constitution nor the Supreme Court's decision in *Bivens* provides a statute of limitations for the bringing of actions directly under the Constitution, the parties agree that the Court should look to the state statute that contains the most closely analogous period of limitations. That statute is, as plaintiff appears to concede,[1] Mass.Gen.Laws ch. 260, § 2A, which at the relevant time provided a two year period for the bringing of tort actions. Since this action was brought on February 12, 1976 and the allegedly unlawful arrest occurred almost three years before, Count Two is too late.

In my Memorandum of Decision of March 28, 1980, I granted summary judgment for the defendants on Counts Three, Four and Five and gave plaintiff until June 30, 1980 to oppose by proper affidavit the motion for summary judgment with respect to Counts Six and Sixteen, which deal with the alleged search of his townhouse. No affidavits have been filed by plaintiff with respect to these counts. Therefore, summary judgment is proper as to them.

■ Count Seven alleges that Baugh and the Unknown Named Agents deprived plaintiff of his Fifth Amendment rights to liberty and property by obtaining and executing a warrant for his arrest on September 6, 1974. There is no dispute that twenty seven days after this arrest a Federal Magistrate in the Eastern District of Virginia, after a hearing and for lack of probable cause, dismissed the charges which were the basis of the warrant. This determination, however, is not dispositive of the issue of defendants' liability, for a police officer is not liable for a deprivation of constitutional rights so long as he acts in good faith. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). In a *Bivens* action, as in actions under 42 U.S.C. § 1983, it is not the validity of a warrant that establishes good faith, but the state of mind of the officer who executes or swears

**2.** The statement of facts as presented in the March 28, 1980 Memorandum of Decision is incorporated by reference herein.

**3.** Insofar as the complaint alleges a conspiracy by federal officials, such conduct is not actionable directly under the Constitution. A plaintiff must demonstrate an actual deprivation of a constitutional right in order to proceed under the implied cause of action authorized by *Bivens*. *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 76 (8th Cir.1976), *cert. denied*, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976); *cf. Landrigan v. City of Warwick*, 628 F.2d 736 (1st

Cir.1980) (conspiracy not actionable under 42 U.S.C. § 1983 unless accompanied by actual deprivation of rights secured by the Constitution or federal law).

**4.** In his memoranda submitted in opposition to defendants' motion for summary judgment, plaintiff does not suggest an applicable statute of limitations for Count Two. He concedes, however, that Mass.Gen.Laws ch. 260, § 2A is the proper statute to be applied to Count One which, like Count Two, alleges a Fifth Amendment violation.

it out. If the officer acts in good faith, the defective nature of the warrant executed by him will not subject him to liability for a constitutional tort. *Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage,* 439 F.2d 1133, 1134 (3d Cir.1971). This proposition also holds true for the officer whose affidavit results in the issuance of the warrant. *Madison v. Manter,* 441 F.2d 537 (1st Cir.1971).

■ Where summary judgment is sought on an issue involving state of mind, "great circumspection is required." *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Although the affidavit submitted by Baugh to this Court states that he based the affidavit that resulted in the issuance of the September 1974 warrant upon information provided by one Thurston Shrader to an F.B.I. agent in Nevada in late August of that year, the testimony given by Muir at the probable cause hearing indicates that Baugh may have known that Shrader had recently undergone psychiatric treatment and had a habit of masquerading as plaintiff for the purpose of engaging in allegedly illegal conduct. Muir's testimony thus raises sufficient doubts as to Baugh's good faith and as to that of the Unknown Named Agents working on this case to preclude a grant of summary judgment on this count.

Count Eight alleges that defendants Muir, Baugh and the Unknown Named Agents unlawfully deprived plaintiff of his Eighth Amendment right "to leave jail after having posted a nonexcessive bail." The factual basis for this claim is set out in paragraphs 79 through 83 of the complaint. They allege that after plaintiff was admitted to $50,000 bail in Virginia on September 23, 1974, but before he had posted a bond, Muir, Baugh and the Unknown Named Agents induced Maryland officials to apply for and obtain, without probable cause, a warrant charging plaintiff with murder. According to the complaint, upon learning from his attorney that the warrant had been issued, plaintiff decided not to post

bond because he wanted to avoid incarceration in a state jail.

Defendants contend that the facts as alleged in Count Eight fail to state a claim. They urge that the Eighth Amendment's excessive bail clause is not enforceable through *Bivens,* and that because only judges and magistrates set bail, federal agents cannot be held liable for violations of the clause. Finally, they argue that even if they could be so held, their acts were too remotely related to plaintiff's voluntary decision to remain in federal custody to confer liability upon them.

Although a cause of action may be implied under the Eighth Amendment's cruel and unusual punishment clause, *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), no federal court appears to have held that a cause of action may be implied under that amendment's other restrictions on federal authority. Initially, it would seem that even if such a cause of action could be implied, it would not here be stated because Muir and Baugh had no relation at all to the *imposition* of bail. This lack of relationship, however, is not fatal to plaintiff's constitutional claim, because it is apparent that the true nature of the claim is that of a Fourth or Fifth Amendment violation: plaintiff alleges that federal officials sought and indirectly obtained a warrant without probable cause and in bad faith, and that the effect of the warrant was to prolong plaintiff's federal incarceration. In effect, his contention is that federal officers acted in bad faith to deprive him of liberty without due process of law. If plaintiff can show that federal officers did indeed deprive him of a constitutional right, it is irrelevant that they did so through the instrumentality of a state judicial system.

■ Defendants argue that even if plaintiff has a cause of action under *Bivens* against federal officers who act through a state judicial system, he does not state a claim because he has not alleged the requisite causation. A *Bivens* action, however, like actions under 42 U.S.C. § 1983, should "be read against the background of tort

liability that makes a man responsible for the natural consequences of his actions." *Furtado v. Bishop,* 604 F.2d 80, 89 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980), *quoting Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961). When a person's conduct is "a substantial factor and a material element in bringing about a foreseeable injury, he can be held liable for that injury." *Furtado v. Bishop,* 604 F.2d at 89, *quoting Hilliard v. Williams,* 516 F.2d 1344, 1351 (6th Cir.1975), *vacated on other grounds,* 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 729 (1976). Here, a jury could reasonably find that it was foreseeable that a reasonable man in federal custody would decide not to post a bond when presented with a state arrest warrant for murder, particularly where, as plaintiff alleges, he did not have the resources to post an additional bond in state court.

■ Even though Count Eight states a cause of action, defendants argue that they are entitled to summary judgment because they played no part in the issuance of the Maryland warrant. Baugh states in his affidavit that he "did not participate in informing the Maryland authorities of information developed during the FBI investigation of plaintiff." Since plaintiff has done no more than rest on the allegations of his pleadings concerning Baugh, summary judgment is allowed for this defendant on this count.

Muir admits that he alerted Maryland officials about the investigation into Hernandez-Bustamonte's disappearance. He also admits participating in a meeting with Steven Pickard, Assistant United States Attorney, and Warren Duckett, State's Attorney (State of Maryland), at which the investigation was discussed, but he maintains that "[a]t no time during the course of that meeting, or at any time, to the best of my knowledge, did I or any other federal official exert any pressure on or otherwise induce Maryland authorities to apply for or obtain an arrest warrant for [plaintiff] on charges of murder."

Plaintiff's response and copies of two letters to Pickard from David R. Cuttler, Assistant State's Attorney, Arundel County, Maryland, although hardly compelling, do provide evidence of improper inducement sufficient to preclude a grant of summary judgment for Muir.

■ Count Nine alleges that on October 2, 1974, after plaintiff had been discharged from federal custody by the United States Magistrate, he was placed under arrest by Muir, who displayed a photocopy of the Maryland arrest warrant issued on September 24. Plaintiff alleges that he was detained at the courthouse until Muir was informed by the state's attorney that the warrant should not be executed. This arrest and detention are alleged to have violated plaintiff's Fourth and Fifth Amendment rights.

Although Muir in his affidavit denies the allegations, plaintiff's counter affidavit raises a genuine factual dispute. The motion is denied as to Count 9.

*Claims under 42 U.S.C. § 1983*

Counts Ten and Eleven in essence reallege the facts which are the basis of Counts Eight and Nine but assert causes of action not directly under the Constitution, but under 42 U.S.C. § 1983.

■ Federal officers may be subject to liability under § 1983 where they act under color of state law to deprive a person of rights secured under the Constitution or laws of the United States. *Kletschka v. Driver,* 411 F.2d 436, 448 (2d Cir.1969). A plaintiff may establish liability by showing that the deprivation of his rights was directly occasioned by acts of federal officials, or he may show that federal officials participated in a conspiracy to deprive him of a constitutional right and that he was in fact so deprived. *Hampton v. Hanrahan,* 600 F.2d 600, (7th Cir.1979), *rev'd in part, on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Kletschka v. Driver,* 411 F.2d 436 (2d Cir.1969). *See also Adickes v. S.H. Kress and Company,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (private person liable under 42

U.S.C. § 1983 where he reached an understanding with state officials to deprive plaintiff of constitutional rights under color of state law). In either case, however, plaintiff must show that the federal officials acted or conspired to act *under color of state law;* it is not enough that they simply acted in concert with state officials to deprive plaintiff of a constitutional right. *Askew v. Bloemker,* 548 F.2d 673 (7th Cir. 1976), *but see Hampton v. Hanrahan,* 600 F.2d at 623.

■■■ Plaintiff alleges facts sufficient to state a claim under § 1983. He alleges that federal officials, acting without probable cause, induced state officials to seek a warrant which prolonged plaintiff's incarceration. Furthermore, plaintiff alleges that defendant Muir detained him upon the authority of a state warrant despite the fact that no detainer had been filed against him with federal officials. As noted above, there are genuine disputes concerning these issues sufficient to preclude summary judgment on these counts as to defendant Muir. For the reasons stated above, summary judgment is appropriate for Baugh on Count Ten (the improper inducement count).

*Claims under the Federal Tort Claims Act*

Counts Twelve through Twenty-Three allege causes of action under the Federal Tort Claims Act ("the FTCA").

■■■ Counts Twelve, Thirteen and Fifteen allege violations of plaintiff's Fourth Amendment rights in connection with searches of plaintiff's Cambridge apartment, safe deposit boxes and trunk. These claims are collaterally estopped and the motion for summary judgment is allowed as to them, consistent with the law of this case as expressed in the Memorandum of Decision of March 28, 1980.

■■■ Count Fourteen alleges that Brown, Riley, Williams and Kennedy un-

lawfully conspired with Pool to defraud plaintiff and to convert his property in violation of plaintiff's Fourth, Fifth and Sixth Amendment rights, to defraud plaintiff, and to convert his property. Insofar as defendants are alleged to have violated plaintiff's constitutional rights, summary judgment is appropriate because plaintiff's complaint does not state facts sufficient to support these claims.[5] However, the conversion aspect of the count remains. If the defendants named in this count, knowing that Pool intended to abscond with plaintiff's funds, agreed to and did allow Pool to have private access to plaintiff's safe deposit boxes, the United States would be liable for conversion. *Restatement of Torts, Second,* § 222A, 235. In addition, the count alleges facts sufficient to support a claim for successful inducement of a breach of fiduciary duty. *See Continental Management, Inc. v. United States,* 527 F.2d 613, 208 Ct.Cl. 501 (1975); *Mackey v. Rootes Motors, Inc.,* 348 Mass. 464, 204 N.E.2d 436 (1965). As the Court of Appeals held in an earlier opinion in this case, there are enough genuinely disputed material facts relevant to the alleged conspiracy with Pool to permit the drawing of inferences which could support a finding that these defendants knew of Pool's alleged intent to abscond with plaintiff's money and assisted him in doing so. *Krohn v. United States,* 566 F.2d 1166 (1st Cir.1977).

Count Seventeen alleges that plaintiff's standing and reputation were injured by the release of information in April 1973 by the Unknown Named Agents to news media personnel who published or broadcast it in Washington, D.C. and Boston. This release of information is said to have been in violation of Justice Department rules, to have served no legitimate law enforcement purpose, and to have been motivated by a desire to harass plaintiff, advance the careers of the Unknown Named Agents, and aggrandize the public image of the F.B.I.

---

**5.** In addition, plaintiff now concedes that constitutional torts are not actionable under the FTCA.

28 U.S.C. § 1346 confers jurisdiction on the United States District Court to hear

> civil actions on claims against the United States ... for injury or loss of property, or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

A showing that federal policies or regulations have been violated with consequent damage to plaintiff is, therefore, by itself insufficient to support jurisdiction; plaintiff must also analogize between the government and a private employer, and show that a private employer would be liable were he to have done the acts which the United States is alleged to have done. *See Zabala Clemente v. United States*, 567 F.2d 1140 (1st Cir.1977), *cert. denied*, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978).

Defendants assert that although a private employer might be liable for slandering an employee, this Court does not have jurisdiction over the claim alleged in Count Seventeen because 28 U.S.C. § 2680 provides that the jurisdiction conferred by § 1346 shall not extend to "any claim arising out of libel or slander." Section 2680, however, is inapplicable to Count Seventeen because plaintiff does not there allege that the information released to the news media was false and so does not state a claim for defamation. Although the injury to reputation which he alleges does indeed "resound in the heartland of the tort of defamation," *Jiminez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir.1982), the alleged acts of the Unknown Named Agents are more in the nature of an invasion of privacy through the public disclosure of private facts.

Massachusetts does not appear to have recognized a cause of action for the tort of invasion of privacy in April 1973.[6] The District of Columbia, however, did recognize such an action where one person had "unreasonably and seriously interfere[d] with another's interest in not having his affairs known to others." *Afro-American Publishing Co. v. Jaffe*, 366 F.2d 649, 653 (D.C.Cir.1966), (en banc), *citing Restatement of Torts* § 867. This Court does have jurisdiction, therefore, to consider suits alleging invasions of privacy occurring in Washington, D.C.

*Afro-American Publishing Co. v. Jaffe*, 366 F.2d at 654, holds that although the right of privacy "stands on high ground," it must be balanced against the rights of the press and "the need for reasonable latitude for the selection of topics for discussion in newspapers." This is in accord with the requirements of the First Amendment. No tort has been committed unless the information disclosed to the media for publication was highly offensive to a reasonable person and was not of legitimate public concern. *See Restatement of Torts, Second*, § 652D. Thus, plaintiff can prevail on his claim for invasion of privacy only if the Unknown Named Agents released offensive information which related to his personal life and not to the disappearance of Mr. Hernandez-Bustamonte, in which the public had a legitimate interest.

From the complaint, it is unclear exactly what facts were disclosed to the Washington, D.C. news media. The sole article which plaintiff appends to his complaint as an example of intrusive publicity would not give rise to an action for invasion of privacy, for the private facts which it discloses are that plaintiff is considered by some to be a genius, speaks four lan-

---

**6.** Prior to the adoption on October 23, 1973 of Mass.Gen.Laws ch. 214, § 1B, which created a statutory right "against unreasonable, substantial or serious interference with ... privacy," Chapter 941 of the Acts of 1973, the Supreme Judicial Court of Massachusetts had at least twice refused to decide whether a cause of action existed in Massachusetts for an invasion of privacy. *Commonwealth v. Wiseman*, 356 Mass. 251, 249 N.E.2d 610, 615 (1969); *Frick v. Boyd*, 350 Mass. 259, 214 N.E.2d 460, 463–4 (1966).

guages, often wears wrinkled pants, and has unkempt hair. Nevertheless, because it is not clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), dismissal of Count Seventeen is not appropriate.

Counts Eighteen and Nineteen allege that Baugh, Muir and the Named Unknown Agents maliciously and with the purpose of harassing plaintiff unlawfully arrested and imprisoned him in September 1974. These counts spring from the same fact which form the basis of Count Seven. For the reasons stated above, summary judgment on these counts is denied.

Counts Twenty through Twenty-Three assert claims under the FTCA for the alleged deprivation of plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights and arise from the set of facts which form the basis for Counts Eight through Eleven, namely, the issuance of the Maryland warrant and Muir's attempted execution of it.

■■■■ As plaintiff concedes, the violation of a federal constitutional grant cannot itself serve as a predicate for a claim under the FTCA. *Brown v. United States,* 653 F.2d 196 (5th Cir.1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); *Birnbaum v. United States,* 588 F.2d 319, 327–328 (2d Cir.1978). However, plaintiff now contends that Counts Twenty through Twenty-Three state claims for false arrest and imprisonment, which are cognizable under the FTCA. Neither party has referred the Court to the elements of these torts under Virginia or Maryland law, but liability for false imprisonment generally may be imposed where a defendant has successfully acted with intent to confine another person who is conscious of or harmed by his confinement. *Restatement of Torts, Second,* § 35. All the elements of this tort appear to be stated in the complaint, which charges Muir, Baugh and the Unknown Named Agents with inducing

and/or effecting plaintiff's continued detention.

■■■■ The United States is entitled to summary judgment on these counts as to Baugh's actions since his uncontradicted affidavit establishes that he had no connection with the issuance and attempted execution of the Maryland warrant. As noted above, Muir's participation in these events is genuinely disputed; summary judgment, therefore, cannot be granted for the United States as to him.

*Pendent State Claims*

■■■■ Counts Twenty-Four and Twenty-Five allege that Muir and Kennedy wrongfully arrested and falsely imprisoned plaintiff on March 9, 1973. The facts forming the basis for these claims are the same ones upon which Count Two was predicated. For the reasons stated above, these counts are barred by the statute of limitations.

Counts Twenty-Six, Twenty-Seven and Twenty-Nine, which allege wrongful searches of plaintiff's apartment, safe deposit box and trunk, are collaterally estopped for the reasons detailed in the Memorandum of Decision of March 28, 1980.

■■■■ Count Twenty-Eight corresponds to Count Fourteen and alleges claims for conversion, fraud and "deprivation of legal counsel." As noted above, the facts alleged in the complaint do state claims for conversion and tortious interference with a fiduciary duty. However, this count is time barred.

The applicable statute of limitations for tort actions committed in 1973 is, as plaintiff concedes, two years. Mass.Gen.Laws ch. 260, § 2A. Plaintiff contends, however, that the statute of limitations was tolled by defendants' fraudulent concealment of the deal allegedly struck between Brown and Pool. This argument is without merit. Plaintiff admits that in April or May 1973, Pool informed Plato Cacheris (plaintiff's successor attorney) that he had given Brown access to plaintiff's safe deposit boxes. Plaintiff asserts that pursuant to

Pool's request, Cacheris did not communicate this information to him until May 1974. While this failure to disclose may have been a breach of duty on Cacheris's part, absent an allegation that Cacheris was part of a conspiracy with Pool and Brown to defraud plaintiff, it cannot be interpreted as fraudulent concealment on the part of any of the defendants. Accordingly, the statute of limitations has run on Count Twenty-Eight.

Counts Thirty and Thirty-One charge Muir, Baugh and the Unknown Named Agents with having falsely imprisoned plaintiff in September 1974. These counts allege under state law the claim made pursuant to *Bivens* in Count Seven and under the FTCA in Counts Eighteen and Nineteen.

 Defendants claim that federal officials are entitled to absolute immunity from suit for all common law torts. Although this assertion is obviously overbroad, *see Bishop v. Tice*, 622 F.2d 349 (8th Cir.1980), federal law enforcement officers are entitled to absolute immunity from suit for false imprisonment. Where a federal official has the authority to take a certain action, such as to effect an arrest, he may not be called to answer in a state tort suit for exercising that power. *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Berberian v. Gibney*, 514 F.2d 790 (1st Cir.1975). While in many cases the line between simply misusing authority and exceeding authority may be difficult to ascertain, *see Bishop v. Tice*, 622 F.2d 349, here the facts allege only misuse of authorized power.

In summary, Count One is dismissed for failure to state a claim. The motion for summary judgment is allowed as to Counts Two, Six, Twelve, Thirteen, Fifteen, Sixteen and Twenty-Four through Thirty-One in their entirety. It is allowed in part as to Counts Eight, Ten, Twenty and Twenty-Two.

7. In addition, the counts against defendant Pool remain—Thirty-Two through Thirty-Eight, and

The following counts remain: Count Seven (Baugh and the Unknown Named Agents); Count Eight (Muir and the Unknown Named Agents); Count Nine (Muir); Count Ten (Muir and the Unknown Named Agents); Count Eleven (Muir); Count Fourteen (the claim for conversion against the United States); Count Seventeen through Count Twenty-Three (the United States).[7]

Forty-Three and Forty-Four.