**NATIONAL BANK OF FAIRHAVEN, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 86–1718–C.

United States District Court,
D. Massachusetts.

March 16, 1987.

Donald J. Fleming, Fleming & Ishihara P.C., Mattapoisett, Mass., for plaintiff.

Asst. U.S. Atty. Andrew S. Hogeland, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is a civil action arising out of allegedly forged social security disability checks paid by the plaintiff bank and forwarded to the Federal Reserve Bank. The United States Department of Treasury sought refund from the plaintiff for payment of the forged checks. The plaintiff, National Bank of Fairhaven, filed this action seeking in count one a judgment under the Federal Tort Claims Act ("FTCA") against the United States. In count two plaintiff asserts a Tucker Act claim against the United States. Count three involves direct constitutional claims against certain government officers. Finally, count four seeks declaratory relief under 28 U.S.C. § 2201. The matter is now before the Court on defendants' motion to dismiss the FTCA, Tucker Act, and declaratory judgment claims. Defendants also move for summary judgment as to the two government officials against whom plaintiff presses direct constitutional claims.

Briefly, the facts underlying the present motion are as follows. On or about July 27, 1976, Louis A. Lapanne, Jr. of Fall River, Massachusetts died. He was survived by his widow, defendant Mrs. Margaret Lapanne. Soon after Mr. Lapanne's death, the social Security Administration of the United States ("SSA") received a notification of death. Shortly after September 4, 1976, Mrs. Lapanne started to receive social security disability checks made payable to her deceased husband. Mrs. Lapanne allegedly wrongfully endorsed her deceased husband's name on the checks and deposited some of the checks with the plaintiff bank. The plaintiff forwarded all SSA checks to the Federal Reserve Bank. In October 1984, November 1984, and January 1985 the U.S. Department of Treasury sent plaintiff requests for refund of payment on SSA checks issued after Mr. Lapanne's death. The total amount claimed by the Department of Treasury is $15,829.00 plus $1,184.11 interest. The plaintiff filed protests with the U.S. Department of Treasury, claiming that no monies were owed. The plaintiff's protests were denied, and the Department of Treasury warned that failure to remit the amount in question would result in the Treasury taking further collection efforts. In June 1985 the plaintiff filed administrative claims pursuant to the Federal Tort Claims Act. These claims were denied on December 13, 1985. Plaintiff then brought the present action.

The Federal Tort Claims Act, 28 U.S.C. § 1346(b), was "designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain

specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962). Section 1346(b) provides, in pertinent part,

... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Defendant claims that the prospective, allegedly wrongful set-off of money by the Department of Treasury is not the kind of harm actionable under the FTCA.

■ It is well-settled that negligent or wrongful conduct under the FTCA is actionable only in accordance with local law. *Richards*, 369 U.S. at 9, 82 S.Ct. at 591. The facts alleged by plaintiff do not present an actionable tort in Massachusetts. Plaintiff relies primarily on G.L. c. 106, § 3–406, which is entitled "Negligence Contributing to Alteration or Unauthorized Signature." Section 3–406 is a commercial paper statute. Under § 3–406, a party's negligence may estop him from asserting a forgery or alteration against the holder in due course or drawee. As Comment 5 of the Uniform Commercial Code comments clearly states, however, "[t]his section does not make the negligent party liable in tort for damages resulting from the alteration." Thus, § 3–406 is not a substantive provision of tort liability. Furthermore, in Massachusetts there is no recovery in the tort of negligence for purely economic loss. *Marcil v. John Deere Industrial Equipment Co.*, 9 Mass.App. 625, 630–31, 403 N.E.2d 430 (1980). Plaintiff's alleged damages therefore are not recoverable under the FTCA.

■ Count Two of the complaint is a claim under the Tucker Act, 28 U.S.C. § 1346(a)(2). The Tucker Act is a limited waiver of sovereign immunity by the United States where there exists an independent, substantive right enforceable against the United States for money damages. *Rogers v. United States*, 697 F.2d 886, 887 n. 2 (9th Cir.1983).

Section 1346(a)(2) provides, in pertinent part:

§ 1346. United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

Plaintiff asserts three bases as the foundation of its Tucker Act claim. The first basis is an implied contract and express contract with the United States. The second basis is that the United State's process for reclamation of checks paid by the Department of Treasury did not afford plaintiff due process of law and constitutes a "taking" of its property without compensation in violation of the Fifth Amendment of the U.S. Constitution. The third basis is the executive regulations of the Department of Treasury. As to the breach of contract claims, plaintiff specifically alleges that the existence of a contract rests on the United States acting as a national bank handling United States deposits, as a member of the Federal Reserve system, and the regulations of the Department of Treasury. Defendant moves to dismiss the Tucker Act claim for lack of subject matter jurisdiction.

■ The U.S. District Courts have concurrent jurisdiction with the U.S. Claims Court over any claims under the statute not exceeding $10,000 in amount. 28 U.S.C. § 1346(a)(2), 1491. For Tucker Act claims in excess of $10,000, however, the

District Court has no jurisdiction. *Hahn v. United States,* 757 F.2d 581, 586 (3d Cir. 1985). This is so even if such claims could be brought within some other jurisdictional statute. *Id.* at 586. Thus, the Claims Court has exclusive jurisdiction if 1) the action is against the United States, 2) it seeks monetary relief in excess of $10,000; and 3) it is founded upon the Constitution, federal statute, executive regulation, or government contract. *Portsmouth Redevelopment and Housing Authority v. Pierce,* 706 F.2d 471, 473 (4th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *Rogers v. Ink,* 766 F.2d 430, 433 (10th Cir.1985).

■ Plaintiff requests injunctive relief, not monetary damages. The jurisdictional limit of the Tucker Act cannot be circumvented, however, by phrasing a claim for damages in terms of a request for injunctive relief. *E.g., Hahn,* 757 F.2d at 589; *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376, 1379 (9th Cir.1981). In this case, plaintiff is not seeking the actual payment of money by the United States but instead is seeking to have the United States cede the value of the Social Security overpayments. Nevertheless, plaintiff admits that the disputed amount exceeds $10,000. (Plaintiff's Opposition Memorandum at 5). Plaintiff specifically, in its allegation in Count One, claims that the Department of Treasury's actions have caused plaintiff an alleged liability of $15,349.00. Claims against the Government that are essentially contractual and involve an amount in controversy in excess of $10,000 may be brought only in the Claims Court. *State of Tennessee Ex Rel. Leech v. Dole,* 749 F.2d 331, 335 (6th Cir.1984), *cert. denied* 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985) (test is whether law suit is "founded on a contract involving more than $10,000"); *American Science and Engineering, Inc. v. Califano,* 571 F.2d 58, 61 (1st Cir.1978) (challenged grant of non-exclusive licenses to competitors "essentially a contractual dispute"); *Commonwealth of Massachusetts v. Connor,* 248 F.Supp. 656, 658 (D.Mass.), *aff'd* 366 F.2d 778 (1st 1966) ("since the amount in controversy exceeds $10,000 the action may be brought only in Court of Claims").

■ In the present case, plaintiff has alleged that its Tucker Act claim against the Government is founded in part on an express and implied contract. Although plaintiff is not seeking any monetary payment from the United States under its Tucker Act claims, it is clear that the claim "involves" an "amount in controversy" of more than $10,000. Consequently, exclusive jurisdiction, of plaintiff's Tucker Act claim, to the extent it is founded on contract, is with the Claims Court.

■ Plaintiff states that its Tucker Act claim is also based on a Fifth Amendment taking without due process or compensation. The Claims Court is the proper forum "to consider a [Fifth Amendment] taking claim where the amount in controversy exceeds $10,000." *Hammond v. United States,* 786 F.2d 8, 15 (1st Cir.1986). Plaintiff states that although the ultimate dispute will exceed $10,000, the Government has not yet actually offset any of its claims. (Complaint at 7). As the Court of Appeals for the First Circuit stated in a Tucker Act claim involving an amount in controversy of more than $10,000, "[i]f and when plaintiff can establish a 'taking' for which compensation is due, its remedy will lie in the Court of Claims." *Chas. T. Main International, Inc. v. Khuzestan Water,* 651 F.2d 800, 815 (1st Cir.1981).

■ The third basis of plaintiff's Tucker Act claim appears to be the executive regulations of the Department of Treasury. Plaintiff claims that the check reclamation procedure violated its Fifth Amendment due process rights and its rights under the regulations. Plaintiff asks this Court to enjoin the United States from setting off the Social Security overpayments. To the extent that this is a non-contractual claim, there is no jurisdiction under the Tucker Act. "[I]n order for a noncontractual claim to be 'cognizable under the Tucker Act,' the plaintiff 'must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'"

*Maryland Department of Human Resources v. Department of Health and Human Services*, 763 F.2d 1441, 1449–50 (D.C.Cir.1985) (*quoting United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983). The Tucker Act, as previously stated, does not itself create substantive rights enforceable against the United States for money. *E.g., Maryland Dept. of Human Resources*, 763 F.2d at 1450. In the present case, plaintiff purports not to be seeking monetary damages.[1] Furthermore, plaintiff has failed to show that the executive regulations at issue provide any substantive right of damages or that the violation of due process—other than the "taking" claim addressed above—gives rise to any claim for damages. Thus, plaintiff has failed to gain jurisdiction under the Tucker Act.

Count Four is for declaratory relief pursuant to 28 U.S.C. § 2201. The Declaratory Judgment Act is not an independent source of jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74, 70 S.Ct. 876, 878–80, 94 L.Ed. 1194 (1950); *Greenfield & Montague Transportation Area v. Donovan*, 758 F.2d 22, 26–27 (1st Cir.1985). As explained above, there is no jurisdiction under count one (Federal Tort Claims Act) or count two (Tucker Act), and plaintiff has not shown any other basis of jurisdiction. Moreover, plaintiff's claim for declaratory relief is really a Tucker Act claim in another guise. On that basis as well, the claim for declaratory relief falls as a failed Tucker Act claim.

In Count Three, plaintiff asserts direct constitutional claims against Larry D. Stout and Ronald Brooks, individually and as government officials. Defendant Stout is the Commissioner of the Division of Check Claims of the U.S. Department of Treasury. Defendant Brooks is a supervisor in the Reclamations Branch of the U.S. Department of Treasury. Plaintiff asserts liability on the right of action developed in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff specifically charges that these two defendants denied the Bank's administrative protest and enforced the regulations in violation of plaintiff's due process rights, intentionally and in bad faith. Defendants move for summary judgment as to both individual defendants.

Individual federal employees possess qualified immunity from law suits for their actions taken in the course of their official duties. *Fernandez v. Leonard*, 784 F.2d 1209, 1214 (1st Cir.1986). The standard for this immunity is set out in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982):

> [G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Id.* at 818, 102 S.Ct. at 2738.

The challenged activities of defendant Brooks were discretionary. On deciding on the plaintiff's protests to reclamations, Mr. Brooks consulted with the Office of Chief Counsel to evaluate the legal issues raised. Mr. Brooks then issued a letter to the Bank, denying the protest and setting forth the reasons. Mr. Brooks' conduct in determining that the plaintiff's protests had no legal merit clearly involved judgment and discretion.

Having determined that Mr. Brooks' duties were discretionary, the next inquiry is whether his conduct violated any clearly established statutory or constitutional rights of which he reasonably should have known. The plaintiff was given prior no-

---

1. Plaintiff's failure to request damages under its Tucker Act claim constitutes another reason why the claim cannot be maintained. In general, injunctive relief is not available under § 1346(a)(2). *O'Connor v. Yezukevicz,* 589 F.2d 16, 20 (1st Cir.1978). The case of *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376 (9th Cir. 1981) is not to the contrary. *Laguna* does not state that injunctive relief is available under § 1346(a)(2). Instead, the case stands for the proposition that when review of agency action is sought under some other jurisdictional statute, relief for other than money damages is not necessarily precluded by the Tucker Act. *See id.* at 1379.

tice of the Department of Treasury's intent to reclaim the funds, and was given an opportunity to inspect the relevant records and to file a protest. Obviously some process was afforded to the plaintiff. Moreover, the Due Process clause does not require one single model of inflexible procedure. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 483, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). Finally, the Bank has not shown that any "clearly established" Due Process rights were violated. Consequently, Mr. Brooks is protected by qualified immunity. Defendant's motion for summary judgment as to defendant Brooks should be allowed.

Defendants' motion for summary judgment as to defendant Stout should also be allowed. Mr. Stout had no personal involvement in any of the reclamation or protest proceedings involving the plaintiff. A *Bivens* action should be read against the background of tort liability. *See Furtado v. Bishop*, 604 F.2d 80, 89 (1st Cir.1979) (interpreting § 1983), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980). Causation between the official's conduct and the alleged injury are therefore necessary for there to be liability. *See id.* at 89. In *Krohn v. United States*, 578 F.Supp. 1441 (D.Mass.1983), *rev'd in part on other grounds*, 742 F.2d 24 (1st Cir.1984), the court applied this principle and ruled on summary judgment in favor of an FBI agent who did not participate in the improprieties alleged in the *Bivens* claim. *Id.* at 1447. Similarly, Stout's affidavit establishes that he had no personal involvement with the reclamation and denial of protest process with regard to the Bank. Summary judgment for defendant Stout should therefore be allowed.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendants' motion to dismiss Count One (Federal Tort Claims Act) is allowed.

2. Defendants' motion to dismiss Count Two (Tucker Act) is allowed.

3. Defendants' motion for summary judgment as to Count Three is allowed.

4. Defendants' motion to dismiss Count Four (Declaratory Judgment) is allowed.