Russel V. LEE, Trustee under Declaration of Trust dated March 19, 1970, Plaintiff-Appellee,

v.

W. Michael BLUMENTHAL, Secretary of the Treasury, and the United States, Defendant-Appellant.

No. 76–2243.

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1979.

Michael L. Paup, Washington, D. C., for defendant-appellant.

James D. Palmer, Jr., Palo Alto, Cal., for plaintiff-appellee.

Before MERRILL and TANG, Circuit Judges, and TAYLOR,* District Judge.

TANG, Circuit Judge:

The plaintiff filed an action under 28 U.S.C. § 1361, seeking a writ of mandamus to compel the Secretary of the Treasury to redeem certain bonds. The district court issued the writ. We reverse and remand to the district court with directions to dismiss or transfer to the Court of Claims.

The facts are undisputed. In 1970 the plaintiff and his wife created a revocable inter vivos trust, and transferred to the

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

trust sufficient community property to purchase flower bonds with a face value of $200,000.00. Flower bonds derive from the Second Liberty Bond Act, 31 U.S.C. §§ 752, 754(b), and can be redeemed at par prior to maturity if used to pay the owner's estate tax. Plaintiff and his wife were co-trustees; the bonds, which were the trust's only asset, were registered to the plaintiff and his wife as co-trustees. The trust instrument provided that the income was to be paid to the plaintiff and his wife, as individuals, until one of them should die. The remaining trustee was then to pay the estate taxes with the bonds, and any remainder was to be used for the estate taxes of the surviving spouse, and the excess remainder, if any, was to go to a medical research foundation.

In 1972, the plaintiff's wife died. The plaintiff, acting as the surviving trustee, presented the entire $200,000.00 in bonds to the Treasury for redemption. The Treasury, after some delay, redeemed $100,000.00 and reissued a bond for the remaining $100,000.00, claiming that the deceased only owned half the bonds because the trust was community property.

The plaintiff filed this action against the United States and the Secretary of the Treasury to compel the redemption of the remaining $100,000.00 bond. The government moved to dismiss on the basis of sovereign immunity and other grounds. The district court held that the requirements of the regulations relating to bonds held in trust had been met, and the trustee was entitled to redemption. A writ of mandamus issued, but execution has been stayed pending this appeal.

The Second Circuit was recently presented with a very similar problem. *Estate of Watson v. Blumenthal*, No. 78–6084 (2nd Cir. Oct. 30, 1978). *Watson* held that the district court lacked jurisdiction; that the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491 provided the exclusive remedy, and that the 1976 amendments to 28 U.S.C. § 1331 and 5 U.S.C. § 702 did not affect the Tucker Act. We are in agreement with the reasoning of *Watson*.

The Court of Claims has exclusive jurisdiction over contract actions against the United States where the amount in controversy exceeds $10,000.00, 28 U.S.C. §§ 1346(a)(2), 1491. The district courts have jurisdiction of actions that arise under the laws of the United States, 28 U.S.C. § 1331(a). While it might seem that the question is simply whether this action is best characterized as one of contract or as one involving the proper interpretation of a statute (and the regulations thereunder), we, like the Second Circuit, regard such an analysis as overly simplistic. The Court of Claims has authority to render judgment for money damages "founded upon . . any regulation of an executive department"; and the flower bonds incorporate the regulations pertaining to them. *See United States v. Dauphin Deposit Trust Co.*, 50 F.Supp. 73 (M.D.Pa.1943). The Court of Claims, therefore, would appear to be the proper forum, whether this action is characterized as one in contract or one to interpret regulations.

If this action is characterized as the plaintiff has pleaded it, that is, as an action to compel a federal officer to take certain actions, a further difficulty arises. An action seeking specific performance, rather than damages, against a government official is an action against the sovereign and is not maintainable unless consented to. *See Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). The plaintiff claims there is a waiver of sovereign immunity under 5 U.S.C. § 702. We do not believe this is a proper construction of § 702 in these circumstances.

Section 702, as amended in 1976, reads as follows:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or

employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

This court has held that this language constitutes a waiver of sovereign immunity. *Hill v. United States,* 571 F.2d 1098, 1102 (9th Cir. 1978). However, § 702, by its own terms, does not affect existing limitations on district court jurisdiction, such as the Tucker Act. *See Watson,* n. 14; H.R.Rep. No. 94–1656, 94th Cong. 2d Sess., 1976 U.S. Code Cong. & Admin.News, pp. 6121, 6133.

■ Even if these difficulties could be overcome, we would still be reluctant to accept this action as pleaded. A court will not grant specific performance when money damages are an adequate remedy. *See, e. g. Corbin on Contracts,* § 1136; Restatement of Contracts § 358. What the plaintiff desires is to have the estate tax liability reduced by the full face amount of the bonds. A monetary award is clearly equivalent to making the Treasury redeem the bonds in this situation. We note that federal officials are parties to large numbers of contracts, and that most, if not all, of these contracts are based on authority granted to the official by statute or regulation. To construe a dispute under such a contract as a dispute arising under the statute or regulation would be to read the Tucker Act out of existence. We decline to do so.

On remand, the district court is directed to dismiss the action for lack of jurisdiction, unless the court determines that transfer to the Court of Claims would be appropriate under 28 U.S.C. § 1406(c). We express no opinion on the propriety of such a transfer.

REVERSED AND REMANDED.