Richard ROWE, Jack Fricke, Walter Sczudlo, Denny Breaid, Charles Lafferty, Elkan Morris, Dan Guadianne, Edwin Samay, New State Finance, Inc., First National Bank of Fairbanks, Executor of the Estate of Robert Briggs, deceased, Dan Ramrus, Robert J. Collins, Len Hannaman, Walter Wigger, Winnifred Wigger, Paul Greimann, Jr., E. B. Joiner, G. M. Anderson, J. B. Appling, Saradell Ard, Burton Arrestad, Joseph Babinec, Quinton Christensen, Juana Edwards, G. H. Drumheller, Gayle Fogelson, Kenneth Gain, Otto Green, Mathew Hamann, Ernest Holm, R. C. Kiltz, Frances Machado, Kenneth Rankin, H. G. Schiff, W. A. Tweedy, James Vanderweele, Richard Warren, et al., Merrill Wien, Douglas Millard, W. Zaegel, Tom Thomas, E. G. Schoot, W. M. Shear, F. Zawaki, Paul Greimann, Sr., Flora Greimann, Plaintiffs–Appellants,

v.

UNITED STATES of America, Thomas S. Kleppe, Secretary of the Interior, and The Arctic Slope Regional Corporation, Defendants–Appellees.

No. 79–4249.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1980.

Decided Nov. 28, 1980.

Spencer C. Sneed, Cole, Hartig, Rhodes, Norman & Mahoney, Anchorage, Alaska, for plaintiffs–appellants.

Robert L. Klarquist, Dept. of Justice, Washington, D. C., argued for defendants–appellees; Joshua I. Schwartz, Carl Strass, Washington, D. C., Kevin F. Kelly, Wickwire, Lewis, Goldmark & Schorr, Seattle, Wash., on brief.

Before WALLACE, HUG and SCHROEDER, Circuit Judges.

WALLACE, Circuit Judge:

Several individuals (plaintiffs) appeal from the district court's entry of a summary judgment. The plaintiffs are persons who had won the opportunity to participate in a non–competitive bidding procedure for oil and gas leases on the Alaska North Slope. The defendants are the United States, the Secretary of the Interior (the Secretary), and the Arctic Slope Regional Corporation (ASRC). Despite having selected the plaintiffs as the recipients of the oil and gas leases, the Secretary ultimately awarded the lands that the plaintiffs sought to lease to the ASRC. The plaintiffs challenged the Secretary's award in an administrative proceeding, and, after an adverse ruling, sought federal judicial review.

In the district court, plaintiffs sought to compel the Secretary to award the oil and gas leases to them, rather than to the ASRC, and money damages. The district judge provided a complete recital of the facts. *See Rowe v. United States*, 464 F.Supp. 1060 (D.Alaska 1979).

The plaintiffs claim that by selecting their offers, the Secretary was bound contractually to issue the leases to them. The Secretary contends, on the other hand, that the selection of the plaintiffs' offers created no contractual commitment to issue leases. Rather, the Secretary contends that he was bound only to give priority to the persons whose offers were selected if he decided to issue the leases to anyone. We affirm in part and reverse and remand in part.

I

■ We first address the question of jurisdiction. The ASRC is the only party to have addressed the jurisdiction issue, and it has done so only briefly. We may, however, raise jurisdictional questions even if the parties fail to do so. *See Continental Ins. Co. v. Cotten*, 427 F.2d 48, 51 (9th Cir. 1970); 1 Moore's Federal Practice ¶ 0.60[4], at 628–29 (2d ed. 1980).

■ The Tucker Act vests exclusive jurisdiction of contract claims against the United States in excess of $10,000 in the Court of Claims. 28 U.S.C. §§ 1346, 1491.

Plaintiffs have raised a contract claim and have requested damages in excess of $10,-000. The Court of Claims has exclusive jurisdiction over plaintiffs' claim for damages, and therefore, the district court was without jurisdiction to hear that part of the plaintiffs' claim.

Although plaintiffs have argued only their contracts claim on appeal, there is more to the case than a prayer for contract damages. If plaintiffs could have established a contract right, they would, arguably, have established a "valid existing right" within the meaning of § 14(g) of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1613(g). If plaintiffs had a "valid existing right," they would have had rights superior to those of the ASRC, and would, arguably, have had a right to the leases they sought. Therefore, plaintiffs' contract argument on appeal was directed not only to a claim for damages, but to a review of the Secretary's decision not to award the leases. Thus, the remaining jurisdictional question before us is whether the district court had jurisdiction to review agency action under these circumstances.

■ The district courts have jurisdiction, without regard to amount in controversy, over actions against the United States, its agencies or its officers acting in their official capacities. 28 U.S.C. § 1331(a).[1] The Administrative Procedures Act (APA) provides for judicial review of agency action and a waiver of sovereign immunity[2] in an action for relief other than money damages that states a claim that a federal agency or officer failed to act as required in an official capacity. 5 U.S.C. § 702;[3] *Hill v. United States*, 571 F.2d 1098, 1102 (9th Cir. 1978). If this were strictly a review of agency action, the district court would have had jurisdiction. We hold that the district court had jurisdiction over this case, as a review of agency action, except to the extent that the plaintiffs claim damages in excess of $10,000.

In *Lee v. Blumenthal*, 588 F.2d 1281 (9th Cir. 1979), we held that 5 U.S.C. § 702 "does not affect existing limitations on district court jurisdiction, such as the Tucker Act." *Id.* at 1283, *citing Estate of Watson v. Blumenthal*, 586 F.2d 925, 933 n.14 (2d Cir. 1978). In *Lee*, the plaintiffs sought to compel the Secretary of the Treasury to redeem flower bonds. We refused to characterize the case as either one involving contracts or a review of agency action for the purpose of determining whether the Tucker Act or § 1331 applied. In either event, the plaintiff's remedy was money damages in excess of $10,000. We observed that the Court of Claims had jurisdiction over claims "for money damages 'founded upon . . . any regulation of an executive department.'" *Lee v. Blumenthal, supra*, 588 F.2d at 1282. We concluded that the district court was without jurisdiction over the case because the case fell within the Tucker Act's grant of exclusive jurisdiction to the Court of

---

1. 28 U.S.C. § 1331 provides, in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.
   
   .    .    .    .    .

2. We assume, but do not need to decide, that the plaintiffs' claims against both the United States and the Secretary are actions against the sovereign and would not be maintainable without consent. *See Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 688–90, 69 S.Ct. 1457, 1460–61, 93 L.Ed. 1628 (1949).

3. 5 U.S.C. § 702 provides in part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. . . . The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States. . . . Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other *appropriate legal or equitable ground;* or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

The Supreme Court has held that this section creates no independent jurisdictional predicate. *Califano v. Sanders*, 430 U.S. 99, 105–06, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977).

Claims, which was an existing limitation on the jurisdiction of the district court. *Id.* at 1283.

The case before us is unlike *Lee.* This is not one claim that could be characterized as either a contract claim or an agency review. Rather, plaintiffs have sought two different remedies: money damages and to compel a federal officer to perform a duty other than paying money. We do not think that the joinder of the claim of money damages with a claim for review of agency action necessarily divests the district court of jurisdiction over both claims.

■ To hold that a district court has no jurisdiction over an agency review whenever the review is coupled with a claim for money damages in excess of $10,000 would run afoul of *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). There the Court held that § 1331(a) conferred jurisdiction on federal courts to review agency action, "subject only to preclusion–of–review statutes created or retained by Congress." *Id.* at 105, 97 S.Ct. at 984. *See Stickelman v. United States,* 563 F.2d 413, 415 n.2 (9th Cir. 1977). In *Lee,* we held that the Tucker Act limited district court jurisdiction over claims for money damages, even if they could also be characterized as agency reviews. The Tucker Act, by its terms, applies only to claims for money damages. Therefore, it does not preclude review of agency action when the relief sought is other than money damages. *See Sheehan v. Army and Air Force Exchange Service,* 619 F.2d 1132, 1140 (5th Cir. 1980).

■ Our conclusion is bolstered by the fact that the Court of Claims, which would have jurisdiction if the Tucker Act governed the entire case, has the power to award only money damages, not equitable relief, such as injunctions, declaratory judgments, or specific performance. *Richardson v. Morris,* 409 U.S. 464, 465, 93 S.Ct. 629, 630, 34 L.Ed.2d 647 (1973) (per curiam); *Quinault Allottee Assoc. v. United States,* 453 F.2d 1272, 1274 & n.1, 197 Ct.Cl. 134 (1972). Although the Court of Claims may employ equitable doctrines as a means to determine the amount of a money judgment (e. g. accounting) or as a substantive

means by which to base the award of a money judgment (e. g. reformation), *Pauley Petroleum, Inc. v. United States,* 591 F.2d 1308, 1315 (Ct.Cl.), *cert. denied,* 444 U.S. 898, 100 S.Ct. 206, 62 L.Ed.2d 133 (1979), we find no authority, and no basis to infer, that the Court of Claims would have jurisdiction to compel the Secretary of the Interior to award the oil and gas leases to the plaintiffs, pursuant to their agency appeal. The Tucker Act does not provide for this type of specific equitable relief.

■ Our holding in this case will not undermine the exclusive jurisdiction of the Court of Claims by encouraging litigants to join spurious claims of agency review with claims for money damages against the government. First, we emphasize that such joinder does not give the district court jurisdiction over the claim for damages in excess of $10,000. Second, we have said that the Court of Claims' jurisdiction cannot be avoided by a complaint that appears to seek only equitable relief when "the real effort of the complaining party is to obtain money [in excess of $10,000] from the federal government." *Bakersfield City School Dist. v. Boyer,* 610 F.2d 621, 628 (9th Cir. 1979). By the same token, the Court of Claims' jurisdiction cannot be avoided by a complaint that purports to join an agency review with a claim for money damages when the agency review is spurious or when the actual relief resulting from the agency review would be monetary. *See Lee v. Blumenthal, supra,* 588 F.2d at 1283. Our holding is not meant to encourage the bifurcation of such claims for relief.

We conclude, then, that the district court lacked jurisdiction to determine plaintiffs' claim for damages. As to that claim, we reverse and remand with directions that the district court dismiss for lack of jurisdiction or, in its discretion, to transfer to the Court of Claims pursuant to 28 U.S.C. § 1406(c). *See Lee v. Blumenthal, supra,* 588 F.2d at 1283. The district court did have jurisdiction over the review of the Secretary's action in refusing to issue the leases.

## II

■ Turning to the merits, we agree with the district court that the plaintiffs

failed to establish any right to the leases they sought, by contract, statute, or otherwise. We affirm the grant of summary judgment for the defendants on this issue for the reasons stated in the district court's opinion. *Rowe v. United States, supra,* 464 F.Supp. 1060. We observe that the district court had before it two sets of plaintiffs: the *Rowe* plaintiffs and the *Rowlett* plaintiffs. Only the *Rowe* plaintiffs have appealed, and their claims are the only ones before us.[4]

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

---

**4.** Also not before us is whether our disposition on the merits collaterally estops the plaintiffs from refiling their claim for damages in the Court of Claims.