**LAGUNA HERMOSA CORPORATION,**
Plaintiff-Appellee,

v.

**B. E. MARTIN et al.,**
Defendants-Appellants.

No. 79–4257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1981.

Decided May 1, 1981.

Robert L. Klarquist, Washington, D.C., argued, for defendants-appellants; G. William Hunter, U. S. Atty., San Francisco, Cal., on brief.

Maynard Garrison, Garrison, Townsend & Hall, San Francisco, Cal., for plaintiff-appellee.

Before HUG and SKOPIL, Circuit Judges, and KING,* District Judge.

SKOPIL, Circuit Judge:

## INTRODUCTION

This case reaches us on an appeal by the United States, representing B. E. Martin,

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

the Regional Director of the Bureau of Reclamation. The district court entered a declaratory judgment extending the Concession Agreement of Laguna Hermosa Corporation ("Laguna") with Napa County ("the County"), the United States' predecessor in interest. The United States claims that the district court lacked jurisdiction, and that the United States could not be estopped on the facts of this case. We affirm.

## FACTS

Laguna is a concessionaire providing public use facilities at Lake Berryessa ("the Lake") in northern California. The Lake was created by the Solano Project undertaken by the Bureau of Reclamation.

In 1958 the United States and the County entered into a management agreement. The agreement authorized the County to administer development of the Lake. The management agreement limited all concession agreements to 20-year terms. In December 1958, Laguna entered into a 20-year Concession Agreement with the County.

The 1958 management agreement proved impractical. Because of the 20-year limit on the concession agreements, the concessionaires were unable to obtain financing. In 1962, the United States and the County executed a superseding management agreement. It provided for 30-year concession agreements, with options for two additional 10-year terms. The ultimate termination date of any such agreement was not to exceed the 50-year term of the management agreement itself.

Laguna and the County agreed to substitute the 1962 management agreement for the 1958 management agreement. This did not extend Laguna's Concession Agreement. A separate execution of the extension agreement was required. The Lake Berryessa Park Commission approved an extended concession agreement of 30 years

with two additional 10-year terms for Laguna. Before Laguna sought final approval from the County Board of Supervisors, it learned that the 1962 management agreement was not acceptable to lenders. The United States and the County began negotiating a third management agreement.

The district court found that while the negotiations were underway, both the United States and the County represented, and Laguna understood, that the extended Concession Agreement was available as a matter of course. Based on these representations, Laguna did not execute the offered extended term Agreement. In reliance upon the representations made by the United States and the County, Laguna constructed extensive public use facilities.

In April 1974 the County voted to terminate the second management agreement. Prior to the termination date, Laguna sought to execute the extended term Concession Agreement. The County Board of Supervisors did not object to Laguna's application, but failed to act because it was terminating its control over concessions at the Lake.

The United States refused to recognize Laguna's asserted right to the extended term Agreement. Laguna sought and obtained a declaratory judgment estopping the United States to deny Laguna the extended Agreement. This appeal followed. We note jurisdiction pursuant to 28 U.S.C. § 1291.

### ISSUES

1. Did the district court have subject matter jurisdiction over Laguna's request for a declaratory judgment?

2. Did the district court err in estopping the United States to deny Laguna the benefit of the extended term Concession Agreement?

### DISCUSSION

I. Subject Matter Jurisdiction.

Laguna presented a federal question under 28 U.S.C. § 1331(a) by alleging that B.

E. Martin, as the Bureau of Reclamation's Regional Director, and Robert Wier, as the Bureau of Reclamation's Recreation Manager at the Lake exceeded their statutory authority. Laguna alleged that they violated the Reclamation Development Act of 1974, Pub.L.No.93–493, §§ 601–02, 88 Stat. 1486, by reassuming management of the Lake from the County without honoring the County's prior commitments.

■ The district court's jurisdiction is limited by sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–954, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Section 1331(a) does not waive sovereign immunity. The Administrative Procedure Act ("the APA"), 5 U.S.C. §§ 701–06, does waive sovereign immunity in certain cases. *Rowe v. United States*, 633 F.2d 799, 801 (9th Cir. 1980); *Lee v. Blumenthal*, 588 F.2d 1281, 1283 (9th Cir. 1979); *Hill v. United States*, 571 F.2d 1098, 1102 (9th Cir. 1978).

Section 702 of the APA provides, in pertinent part:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensible party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *PROVIDED*, That ... [n]othing herein (1) affects other limitations on judicial review where the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equita-

ble ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."

By its own terms, section 702 does not affect existing limitations on district court jurisdiction. *Rowe, supra; Lee, supra. See* H.R.Rep.No.1656, 94th Cong., 2d Sess. 12–13, *reprinted in* 1976 U.S.Code Cong. & Ad. News 6121, 6133; S.Rep.No.996, 94th Cong., 2d Sess. 12 (1976).

█ The Tucker Act, 28 U.S.C. § 1491, is a waiver of sovereign immunity antedating the APA. It grants exclusive jurisdiction to the Court of Claims to decide claims "against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States. . . ." District courts have concurrent jurisdiction of claims against the United States for less than $10,000. 28 U.S.C. § 1346(a)(2).

The United States argues that the Tucker Act impliedly forbids the relief sought by Laguna. It contends that Laguna's claim can only be brought in the Court of Claims, which is not empowered to issue declaratory judgments. *United States v. King,* 395 U.S. 1, 4–5, 89 S.Ct. 1501, 1502–1503, 23 L.Ed.2d 52 (1969).

The Tucker Act applies only to claims for money damages. It does not preclude review of agency action when the relief sought is other than money damages. *Rowe,* 633 F.2d at 802.

█ In the instant case, Laguna has requested a declaration that it possesses contract rights against the United States. It has not sought money damages for breach of those rights, nor has it sought specific performance. A district court does not lose jurisdiction over a claim for non-monetary relief simply because it may later be the basis for a money judgment. *See Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 71 n.15, 98 S.Ct. 2620,

2629 n.15, 57 L.Ed.2d 595 (1978); *Beller v. Middendorf,* 632 F.2d 788, 799 (9th Cir. 1980); *Glines v. Wade,* 586 F.2d 675, 681 (9th Cir. 1978), *rev'd on other grounds sub nom. Brown v. Glines,* 440 U.S. 957, 99 S.Ct. 1496, 59 L.Ed.2d 769 (1980). We need not decide whether either damages or injunctive relief would be available in a district court on these facts. *See Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 703–05, 69 S.Ct. 1457, 1468–1469, 93 L.Ed. 1628 (1949); *Lee,* 588 F.2d at 1282.

Our holding will not undermine the exclusive jurisdiction of the Court of Claims. The Court of Claims' jurisdiction cannot be avoided by a complaint that appears to seek only equitable relief when "the real effort of the complaining party is to obtain money [in excess of $10,000] from the federal government." *Rowe, supra, quoting from Bakersfield City School District v. Boyer,* 610 F.2d 621, 628 (9th Cir. 1979). *See also Lee,* 588 F.2d at 1283.

█ The Tucker Act does not impliedly forbid the issuance of a declaratory judgment stating that Laguna possesses contract rights against the United States. The district court possessed jurisdiction to consider the merits of Laguna's request for declaratory relief.

## II. Estoppel.

The district court held that the United States is estopped to deny Laguna the extended term Concession Agreement. The United States contends that it cannot be estopped on the facts of this case.

In its post-trial brief, the United States stated that Laguna's rights against the County were identical to those against the United States. The United States also conceded that "[t]he course of events between 1962 and 1975 . . . concededly presents a classic case for estoppel in favor of plaintiff against the County, but for the legal immunity of the latter. . . ." The United States argued only that California law forbids estopping the County under these circumstances.

The United States concedes that the question of whether it can be estopped on the facts of this case depends upon California law. We will uphold the determination of a district judge as to the law of the state in which the district is located unless such determination is clearly wrong. *Anderson v. Allstate Insurance Co.*, 630 F.2d 677, 682 (9th Cir. 1980).

California law permits estoppel against the government where the traditional elements of estoppel are present and where "the injustice which would result from a failure to uphold an estoppel is of sufficient dimension to justify any effect upon public interest or policy which would result from the raising of an estoppel." *City of Long Beach v. Mansell*, 3 Cal.3d 462, 476 P.2d 423, 448, 91 Cal.Rptr. 23 (1970). *See also Bib'le v. Committee of Bar Examiners*, 26 Cal.3d 548, 606 P.2d 733, 736, 162 Cal.Rptr. 426, *cert. denied,* —— U.S. ——, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980); *Los Angeles County Flood Control District v. Mindlin*, 106 Cal.App.3d 698, 165 Cal.Rptr. 233, 239–40 (1980).

The United States contends that California's statutory policy that a county may act only by majority vote of its board of supervisors would be frustrated if an estoppel were raised on these facts. *See* Cal. Gov't Code §§ 23005, 23006, 25005.

California courts have not adopted such an inflexible rule. They have held that failure of a board of supervisors to act does not necessarily preclude estoppel. *Advance Medical Diagnostic Laboratories v. County of Los Angeles*, 58 Cal.App.3d 263, 275, 129 Cal.Rptr. 723, 729 (1976). The public policy requiring board action has prevented estoppel in cases where the board of supervisors has been bypassed, *State v. Haslett Co.*, 45 Cal.App.3d 252, 119 Cal.Rptr. 78 (1975), and where the board, exercising its discretion, reversed itself. *Santa Monica Unified School District v. Persh*, 5 Cal.App.3d 945, 85 Cal.Rptr. 463 (1970).

Laguna did not bypass the County Board of Supervisors, nor did the Board change its mind as to executing the extended agreement. The district court found that the Board failed to act "solely because its jurisdiction over the matter was to revert to the United States." The Board had assumed that the extension was available to Laguna. It only failed to approve the required documents. The United States does not contend that the district court's findings are clearly erroneous.

The statutory policy favoring board of supervisors' action does not outweigh the injustice which would result from failure to raise an estoppel on the facts of this case. The district court did not err in estopping the United States to deny Laguna an extension of its Concession Agreement on the same terms and conditions and for the same period of time as was afforded to the other concessionaires.

CONCLUSION

The district court had jurisdiction to consider Laguna's request for declaratory relief against the United States. The district court did not err in estopping the United States to deny Laguna the extended term Concession Agreement. The judgment appealed from is AFFIRMED.