**STATE OF OREGON, Plaintiff,**

v.

**Otis BOWEN, M.D., et al., Defendants.**

**Civ. No. 87–1039–MA.**

United States District Court,
D. Oregon.

March 28, 1988.

David Frohnmayer, Atty. Gen., Pamela L. Abernathy, Glenn Klein, Arden J. Olson, Asst. Attys. Gen., Sp. Litigation Unit, Dept. of Justice, Salem, Or., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Jack G. Turner, Asst. U.S. Atty., Sheila Lieber, Richard G. Lepley, Attys., Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## OPINION

MARSH, Judge.

This action arises out of the termination of Medicaid funds to Fairview Training Center (Fairview) on April 17, 1987. Defendant Bowen is the secretary of the United States Department of Health and Human Services. Defendant Roper is the Ad-

ministrator of the Health Care Financing Administration (HCFA).

Plaintiff seeks judicial review of HCFA's April 10, 1987 order which informed Fairview that its Medicaid funding would be terminated effective April 17, 1987, unless Fairview remedied certain conditions which "posed an immediate and serious threat to the health and safety of the residents." Plaintiff contends that the order was "arbitrary, capricious and contrary to law." Plaintiff also seeks a declaration and order compelling defendants to provide plaintiff with the Medicaid funds denied Fairview between April 17 and July 31, 1987.

Defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, defendants move for judgment on the pleadings in their favor based on plaintiff's failure to exhaust its administrative remedies.

## SUBJECT MATTER JURISDICTION

Plaintiff asserts that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 405(g), and 5 U.S.C. § 702 and mandamus jurisdiction pursuant to 28 U.S.C. § 1361. For the reasons set forth below, I conclude that this court lacks subject matter jurisdiction.

### Federal Question Jurisdiction

This court's jurisdiction under 28 U.S.C. § 1331 is limited by sovereign immunity. *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376, 1378 (9th Cir.1981). While 5 U.S.C. § 702 [1] provides that a person suffering legal wrong because of agency action is entitled to judicial review, that statute does not affect existing limitations on district court jurisdiction. *E.g., Laguna Hermosa Corp.,* 643 F.2d at 1379. Consequently, it is necessary to properly define the basis for jurisdiction and determine if sovereign immunity has been waived.

It is undisputed that defendants terminated Fairview's Medicaid funding pursuant to 42 U.S.C. § 13961(c). That statute provides:

(1) The Secretary may cancel approval of any ... intermediate care facility at any time if he finds ... that a facility fails to meet the requirements contained in section 1396a(a)(28) of this title or section 1396d(c) of this title, or if he finds grounds for termination of his agreement with the facility pursuant to section 1395cc(b) of this title....

(2) Any ... intermediate care facility which is dissatisfied with a determination by the Secretary that it no longer qualifies as a ... intermediate care facility for purposes of this subchapter, shall be entitled to a hearing by the Secretary to the same extent as is provided in section 405(b) of this title and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title. *Any agreement between such facility and the State agency shall remain in effect until the period for filing a request for a hearing has expired or, if a request has been filed, until a decision has been made by the Secretary; except that the agreement shall not be extended if the Secretary makes a written determination, specifying the reasons therefor, that the continuation of provider status constitutes an immediate and serious threat to the health and safety of patients, and the*

---

1. 5 U.S.C. § 702 provides:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.... Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

*Secretary certifies that the facility has been notified of its deficiencies and has failed to correct them.* (emphasis added).

Section 1396i(c)(2) distinguishes between two types of determinations. First, is the determination that a care facility does not meet the federal Medicaid health and safety certification standards. That determination is clearly subject to judicial review in U.S. District Court pursuant to 42 U.S.C. 405(g).[2] The second determination, however, is not expressly subject to judicial review. That determination concerns whether the provider agreement should remain in effect until the period for filing a request for a hearing expires or if a request is filed, until a decision is rendered. It is this second determination, which is in effect a subcategory of the overall determination that the facility is no longer qualified for funding, which is at issue in this case.

Defendants argue that the language of § 405(g) precludes judicial review of the Secretary's decision that a facility's provider status constitutes an immediate and serious threat to the health and safety of its patients. I disagree.

■ There is a strong presumption that Congress intends judicial review of administrative action. *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 2135–36, 90 L.Ed.2d 623 (1986). The mere fact that some agency actions are reviewable under the provision of a statute is not sufficient to imply that others are excluded. *Id.* 106 S.Ct. at 2137–38.

■ The presumption of judicial review can be overcome only upon a showing of clear and convincing evidence of contrary legislative intent. *Id.* at 2136 (*citing Rusk v. Cort,* 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962)). Defendants have failed to make such a showing. Defendants rely exclusively upon the omission of a provision allowing judicial review of the

Secretary's decision that provider status constitutes an immediate and serious threat. Such an omission, whether "conspicuous" or not is insufficient to overcome the presumption of judicial review. As noted in *Bowen:*

> As a general matter, "[t]he mere fact that some acts are made reviewable should not suffice to support an implication of exclusion as to others. The right to review is too important to be excluded on such slender and indeterminate evidence of legislative intent."

106 S.Ct. at 2138; *see also County of Alameda v. Weinberger,* 520 F.2d 344, 347–48 (9th Cir.1975).

Moreover, I conclude that § 405(g), when considered as a whole, contemplates judicial review of both the determination that a facility no longer qualifies for Medicaid funds as well as the secondary determination that the facility poses an immediate and serious threat so as to warrant immediate discontinuance of funding. I am unwilling to read the latter part of § 405(g) in isolation so as to preclude judicial review. Rather, I construe the latter part of § 405(g) as a subcategory of the overall determination by the Secretary that funding should be stopped.

■ Accordingly, I conclude that 42 U.S.C. § 405(g) provides this court with subject matter jurisdiction *if* the April 10, 1987 order constitutes a "final decision."

*"Final Decision" under § 405(g)*

■ There are two prerequisites to a final decision by the Secretary under § 405(g). First, a presentation of a claim for benefits to the Secretary. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). Second, exhaustion of administrative remedies by proceeding through all three stages of the administrative appeals process. *Id.; Bowen v. City*

---

**2.** Section 405(g) provides:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States....

*of New York,* 476 U.S. 467, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986).

The first prerequisite for a final decision has been satisfied by plaintiff. Plaintiff submitted its procedural objections to the Administrative Law Judge's (ALJ's) April 10, 1987 order by letter dated April 27, 1987. Prehearing statements were filed and plaintiff moved for a summary decision and stay of proceedings.

Plaintiff's motion for a summary decision raised several procedural issues, including: (1) that HCFA failed to provide adequate notification of the reasons for prehearing termination; (2) that HCFA failed to provide adequate certification that Fairview had been notified of its deficiencies and had failed to correct them; (3) that HCFA had an obligation to assist in the transfer of patients prior to termination; and (4) that promulgation of implementing regulations under 42 U.S.C. § 1396i(c)(2) was a prerequisite to the Secretary taking action authorized by that section.

On October 15, 1987, the ALJ issued an opinion holding that he lacked jurisdiction to determine the procedural issues raised by plaintiff's motion. The ALJ issued an opinion on March 9, 1988, explaining his conclusion that he lacked jurisdiction over plaintiff's procedural objections. The ALJ stated:

> In this case, the Petitioner's appeal included objections that the Secretary's action failed to provide due process of law as guaranteed by the United States Constitution. In light of evidence that the Secretary's action satisfied the letter of the controlling statute, the Administrative Law Judge felt that evaluation of the underlined [sic] constitutional question was beyond his jurisdiction.

The ALJ recognized, however, that his determination regarding jurisdiction might be overturned. Consequently, he discussed how he would rule were he to consider the due process challenges raised by plaintiff.

Plaintiff has not appealed the ALJ's determination regarding jurisdiction. Plaintiff's counsel stated at the oral argument of this motion that an appeal to the Appeals Council should not be required because at the time of decertification, there were no regulations providing for administrative review by the Appeals Council. Plaintiff also argues that the Secretary has waived exhaustion because of the position taken before the ALJ and before this court concerning lack of jurisdiction.

Defendants argue that the jurisdictional determination must be raised before the Appeals Council pursuant to § 405(g). Defendants contend that the Secretary has not waived the exhaustion requirement by its assertion to the ALJ that he lacks jurisdiction over the procedural issues. On the contrary, defendants assert that the Secretary intends for the Appeals Council to make a *de novo* review of the jurisdictional issue.

■ I conclude that the Secretary has not waived the requirement of exhaustion. While the Secretary has taken the position that the ALJ lacks jurisdiction to determine plaintiff's procedural objections, he has not attempted to deprive plaintiff of an appeal of this issue to the Appeals Counsel. Consequently, this case is distinguishable from *Klein v. Heckler,* 761 F.2d 1304 (9th Cir. 1985), relied upon by plaintiff, wherein the court held that the Secretary could not complain of failure to exhaust if the Secretary in fact refuses to provide the appropriate administrative review.

Accordingly, I conclude that this court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) due to plaintiff's failure to exhaust its administrative remedies.

*Mandamus Jurisdiction*

The parties agree that in order for mandamus jurisdiction to be proper, three elements must be present: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. The dispute is whether those elements are satisfied in this case.

■ Because I conclude that plaintiff has failed to exhaust its administrative remedies, I also conclude that plaintiff has failed to show that there are no other ade-

quate remedies available. As discussed above, this court has jurisdiction to review a final decision of the Secretary pursuant to 42 U.S.C. § 405(g). Accordingly, once plaintiff exhausts its administrative remedies and receives a final decision, it may seek judicial review. Hence, I find 42 U.S. C. § 405(g) to be an adequate remedy.

In reaching this conclusion, I necessarily reject plaintiff's argument that administrative review is not an adequate remedy. Plaintiff argues that the State and its mentally retarded citizens will be irreparably harmed by the lengthy delay in obtaining administrative review. In support of this argument, plaintiff relies on language from this court's opinion in *U.S.A. v. Oregon*, 675 F.Supp. 1249 (D.Or.1987). In that case, I held that the discontinuance of Medicaid funding caused harm which was not purely monetary in light of the fact that the state general funds being depleted as a result of the discontinuance "could have been directed to other community programs for Oregon's mentally retarded and developmentally disabled persons."

The fact that more than monetary relief is at stake in this case, however, does not make the administrative review process an inadequate remedy. While that fact may be significant to a court with jurisdiction when evaluating a motion for a preliminary injunction, I conclude that it does not excuse exhaustion of remedies in this case or otherwise confer jurisdiction upon this court.

Based on the foregoing, I conclude that this court lacks subject matter jurisdiction. Accordingly, defendants' motion for judgment on the pleadings # 14 is granted and this action is dismissed.