Paul M. Mahoney, Richard A. Soll, Jones, Mahoney & Brayton, Pomona, Cal., for third-party plaintiffs.

Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., for third-party defendant.

UNITED STATES, for the Use and Benefit of FERGUSON DOOR COMPANY, INC., Plaintiff,

v.

SAFECO INSURANCE and Calfon Construction, Inc., Defendants.

CALFON CONSTRUCTION, INC., and Safeco Insurance, Third–Party Plaintiffs,

v.

UNITED STATES of America, Third–Party Defendant.

Civ. No. 88–0508 E(M).

United States District Court, S.D. California.

Feb. 22, 1989.

MEMORANDUM DECISION

ENRIGHT, District Judge.

INTRODUCTION

On March 31, 1988, Ferguson Door Company, Inc. ("Ferguson") filed a complaint against Safeco Insurance ("Safeco") and Calfon Construction ("Calfon") pursuant to 40 U.S.C. § 270b. The complaint alleged that Ferguson had performed work as a subcontractor for Calfon and had received insufficient payment for the work. The work was performed as a part of a contract between Calfon and the United States Navy whereby Calfon agreed to furnish labor, materials and equipment to construct a landing craft air cushion complex. The contract falls within the meaning of public work under The Miller Act, and therefore a payment bond was required. In the origi-

nal complaint, Ferguson brought suit against the payment bond which had been executed by Safeco and the surety.

On June 30, 1988, Calfon and Safeco filed a third-party complaint for indemnity against the United States. In their third-party complaint, Calfon and Safeco request:

1. That the Court declare the rights and duties among the parties herein, declaring that Third–Party Plaintiffs are entitled to equitable or partial (comparative) indemnity and/or total indemnity for any and all monies expended in the satisfaction of any judgment and/or settlement rendered against Third–Party Plaintiffs;

2. For judgment indemnifying Third–Party Plaintiffs against any verdict, settlement or judgments for Use Plaintiff and for attorneys' fees and costs incurred in defending Use Plaintiff's action;

(Third–Party Complaint for Indemnity, p. 3).

Third–Party defendant, the United States Government, now brings a motion to dismiss the Third–Party complaint on the grounds of lack of subject matter jurisdiction, lack of standing, that the contract controlled the type of remedy available, and mootness.

## DISCUSSION

### Subject Matter Jurisdiction

The government argues that the complaint for indemnity is a part and parcel of the contract dispute between the Navy and Calfon. As such, jurisdiction for the indemnity claim is limited, under the Contracts Disputes Act ("CDA"), 41 U.S.C. § 601, et seq., to either the Armed Services Board or the Claims Court.

Under the Tucker Act, 28 U.S.C. § 1491, the United States Claims Court has exclusive jurisdiction over claims "against the United States founded ... upon any express or implied contract with the United States...." District courts also have concurrent jurisdiction over claims against the federal government for less than $10,000. 28 U.S.C. § 1346(a)(2).

The complaint for indemnity cites 28 U.S.C. § 1346 as the basis for this court's jurisdiction. Section 1346(a)(2) provides in part:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States ... except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States ... which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

28 U.S.C. § 1346(a)(2).

The issue for this motion, then, is whether the Third–Party Complaint for Indemnity is covered by the limitations of the Tucker Act and the Contract Disputes Act and thus must be heard by either the Armed Services Board or the Claims Court.

Calfon and Safeco argue that the Tucker Act and the Contract Disputes Act only cover breach of contract claims. They maintain that the complaint for indemnity is not a breach of contract claim, but rather a claim for declaratory relief. According to Calfon and Safeco, the complaint for indemnity is an action based in equity and thus exempt from the limitations of the Tucker Act, the Contract Disputes Act, or 28 U.S.C. § 1346.

However, the label which Calfon and Safeco attach to their claim for relief is not controlling. The true nature of the relief sought by the parties must be determined by the court. *Bedoni v. Navajo–Hopi Indian Relocation Commission*, 854 F.2d 321, 325 (9th Cir.1988). "The Court of Claims' jurisdiction cannot be avoided by a complaint that appears to seek only equitable relief when 'the real effort of the complaining party is to obtain money [in excess of $10,000] from the federal government.'" *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1379 (9th Cir.1981).

As the Ninth Circuit has stated:

The district court is prohibited from evading the preclusive effect of the Tucker Act or infringing upon the exclu-

sive province of the Court of Claims by issuing injunctions or declaring judgments which are designed to serve as res judicata in the Court of Claims to affect a monetary recovery in a subsequent suit.

*Bedoni,* 854 F.2d at 325.

Calfon and Safeco are not seeking a mere determination that they have contractual rights as against the United States; rather, they are seeking a judgment of those rights which would have binding effect on a subsequent suit in the Court of Claims. Accordingly, the Third–Party Complaint for Indemnity must be dismissed due to this court's lack of subject matter jurisdiction. Suits of this nature are within the exclusive jurisdiction of the Armed Services Board and the Claims Court.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby grants the United States Government's motion to dismiss the third-party complaint.