Doctor Nui Loa PRICE, a/k/a Maui
Loa, Plaintiff–Appellant,

v.

UNITED STATES GENERAL SERVIC-
ES ADMINISTRATION,
Defendant–Appellee.

No. 86–15002.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 3, 1989.

Submission Deferred Nov. 15, 1989.

Resubmitted Nov. 23, 1989.

Decided Jan. 16, 1990.

Walter R. Schoettle, Honolulu, Hawaii,
for plaintiff-appellant.

Sharon B. Takeuchi, Asst. U.S. Atty.,
Honolulu, Hawaii, for defendant-appellee.

Before SNEED, KOZINSKI and
THOMPSON, Circuit Judges.

KOZINSKI, Circuit Judge:

Dr. Nui Loa Price appeals the district
court's grant of summary judgment for the
government in an action to compel the GSA
to accept his bid in an auction of surplus
land. We consider only whether the dis-
trict court had jurisdiction over Price's ac-
tion.

I

In early 1983, the General Services Ad-
ministration issued an Invitation for Bids
(IFB) to sell 89.275 acres of surplus land
located in Waianae, Oahu, Hawaii. The
land had been used by the Coast Guard as
the site of a transmitting station and was
vacant except for one heavily vandalized
building.

Under the IFB, the GSA reserved the
right to "reject any or all bids or portions
thereof." IFB at T. By the time bidding
closed in June 1983, the GSA had received
14 sealed bids ranging from $1 to $89,000,
the highest submitted by plaintiff Dr. Nui
Loa Price. However, because the bids
were far below the appraised value of the
property,[1] the GSA decided to reject them
and canceled the sale. Thus, although
Price was the high bidder, his bid was
rejected along with that of 13 others.

On September 16, 1983, Price brought
suit against the GSA alleging bad faith and
violations of internal agency policies in con-
nection with the agency's failure to award
a contract for the sale of the Waianae
property. Price sought specific perform-
ance in the form of an order compelling the

---

1. The property was appraised in early 1983 at
$2.4 million. This appraisal was updated in
1984 and 1985, showing the value of the proper-
ty at those times to be $1 million and in excess

of $600,000 respectively. *See* Declaration of Pe-
ter G. Herbert, Director of the Real Property
Disposal Division, GSA (July 3, 1986) at 1–2.

GSA to accept his bid and transfer the property to him. On August 15, 1986, the district court granted the government's motion for summary judgment, holding that the GSA's action was "supported by a rational basis and was in no way an abuse of discretion or contrary to law, i.e., that these matters have been established as uncontested facts." Order Granting Motion for Summary Judgment at 2. Price appeals this order.

## II

Before we may reach the merits, we must first consider whether the district court had subject matter jurisdiction over Price's claims.[2] Because the United States was a defendant in this action, the district court's jurisdiction was governed by the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1982). The Little Tucker Act authorizes the district courts to hear monetary claims against the United States, so long as they do not exceed $10,000. The Act does not, however, authorize the district courts to grant declaratory or equitable relief against the United States. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir.), *cert. denied*, 474 U.S. 931, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985); *Lee v. Blumenthal*, 588 F.2d 1281, 1282 (9th Cir. 1979); *see also Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C.Cir.1986); *Chemung County v. Dole*, 781 F.2d 963, 970–71 (2d Cir.1986).[3] This is true even when such relief is requested in an action brought

pursuant to section 702 of the Administrative Procedure Act, 5 U.S.C. § 702 (1982). *North Side Lumber*, 753 F.2d at 1485.

Price contends that 28 U.S.C. § 1491(a)(3) denied the district court jurisdiction to hear a pre-award contract case such as this one. Section 1491(a)(3) provides that the United States Claims Court "shall have exclusive jurisdiction" to grant relief on "any contract claim brought before the contract is awarded." Despite this clear language, at least two circuits have held that the district courts have retained any jurisdiction they had over pre-award cases prior to the enactment of this section. *See Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052, 1057–58 (1st Cir. 1987); *Coco Bros., Inc. v. Pierce*, 741 F.2d 675, 678 (3d Cir.1984); *but see Rex Systems, Inc. v. Holiday*, 814 F.2d 994, 997–98 (4th Cir.1987) (28 U.S.C. § 1491(a)(3) precludes district court jurisdiction over every pre-award contract claim). However, we need not resolve this issue, because the district court plainly lacked jurisdiction over Price's claim for a more fundamental reason.[4]

"An action seeking specific performance, rather than damages, against [the federal government] is an action against the sovereign and is not maintainable unless consented to." *Lee*, 588 F.2d at 1282. We can find no consent by the United States to equitable relief of the kind plaintiff requests in this case. Although the Tucker Act, 28 U.S.C. § 1491(a)(3) (1982), autho-

---

**2.** While neither party raised the issue of subject matter jurisdiction in the district court, the issue is never waived. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir.1988).

**3.** Our decisions in *Rowe v. United States*, 633 F.2d 799 (9th Cir.1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981), and *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376 (9th Cir.1981), are inapposite since both involved unique statutory rights not at issue here. In *Rowe*, we held that, under the Alaska Native Claim Settlement Act, 43 U.S.C. § 1613(g), a court may compel the Secretary of the Interior to award an oil and gas lease on the Alaska North Slope. 633 F.2d at 801–02. Likewise, in *Laguna Hermosa*, we held that the district court had jurisdiction to determine whether the Bureau of Reclamation had exceeded its statutory authority under the Reclamation Development Act of 1974. 643 F.2d at 1378–79. We noted,

moreover, that the plaintiff had not sought specific performance on an actual or implied contract. *Id.* at 1379. We have since held that the holdings of *Rowe* and *Laguna Hermosa* are limited to the facts of those cases. *North Side Lumber*, 753 F.2d at 1485; *see also Sharp*, 798 F.2d at 1524 n. 3 (describing our circuit's limitation on the *Rowe* and *Laguna Hermosa* holdings).

**4.** We reject any notion that section 1491(a)(3) *expands* the jurisdiction of the district courts. *See Ulstein Maritime*, 833 F.2d at 1057–58 ("This grant of equitable jurisdiction to the Claims Court was intended to enlarge the powers of that court, but not to alter the preexisting equitable powers of the district courts."). Indeed, such a holding would be absurd because the section primarily grants jurisdiction to the Claims Court.

rizes the Claims Court "to grant declaratory judgments and such equitable and extraordinary relief as it deems proper" in pre-award contract cases, it grants no such authority to the district courts. The parties have made no other credible claims for jurisdiction in the district court.[5] Therefore, we must vacate the judgment of the district court for lack of jurisdiction.

### III

On remand, the district court is directed to dismiss the action for lack of jurisdiction, unless the court determines that transfer to the Claims Court would be appropriate under 28 U.S.C. § 1631. We express no opinion on the propriety of such a transfer.

**5.** The government relies on *Parola v. Weinberger,* 848 F.2d 956 (9th Cir.1988), for the proposition that the United States has waived sovereign immunity for equitable relief in actions challenging the award of government contracts. *Parola* affirmed a preliminary injunction against the award of a government contract, holding that section 702 of the Administrative Procedure Act is "a waiver of sovereign immunity in suits seeking judicial review of agency actions where judicial review has not been expressly authorized by statute." 848 F.2d at 958.

Although *Parola* seems out of place among our circuit's other opinions in this area, *see, e.g., North Side Lumber Co.,* 753 F.2d at 1485 ("the Tucker Act 'impliedly forbids' declaratory and injunctive relief and precludes a[n APA] § 702 waiver of sovereign immunity in suits on government contracts"), our decision today does not conflict with *Parola.* Unlike Price, the plaintiff in *Parola* did not bring a claim for specific performance. Rather, the plaintiff there was only seeking to enjoin the grant of a government contract to another bidder. 848 F.2d at 958. Even if successful, the plaintiff in *Parola* could not have assured himself of the contract, as the government could have chosen to cancel the entire solicitation. *See American General Leasing, Inc. v. United States,* 587 F.2d 54, 58–59, 218 Ct.Cl. 367 (1978); *Contract Custom Drapery Service v. United States,* 6 Cl.Ct. 811, 818 (1984).