956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myron E. MILES; Dorothy L. Miles, Plaintiffs-Appellants,
v.
Clayton YEUTTER, Secretary of Agriculture; Neil Sox
Johnson, Administrator of the Farmers Home
Administration; Farmers Home
Administration; U.S.
Department of
Agriculture,
Defendants-
Appellees.
 Nos. 90-35600, 91-36208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 29, 1992.*
Decided Feb. 28, 1992.
 
 Before GOODWIN, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Myron and Dorothy Miles filed a complaint on December 8, 1989 in an attempt to force the Farmers Home Administration ("FmHA") to convey to them real property in Baker County, Oregon, free and clear of an easement to protect wetlands located thereon. The complaint originally asserted twelve claims for relief, raising primarily contract and administrative procedure issues. An amended complaint was filed, adding three claims under the Fifth Amendment alleging an unconstitutional taking and one claim in mandamus.
 
 
 3
 The district court found in favor of the United States and against the plaintiffs on all claims. The Court dismissed the Miles' claims based on contract (the first, third, and fourth claims); on mandamus, to the extent based on contract (sixteenth claim); on right of redemption (the second claim); on alleged failure to give notice (the fifth, sixth and seventh claims); on the cost to the government of protecting the subject wetlands (the eighth claim); and on the Fifth Amendment taking clause (the thirteenth, fourteenth, and fifteenth claims).
 
 
 4
 The district court determined that the remaining claims depended upon whether the property contained "wetlands" as defined in Executive Order 11990 and the Food Security Act, 16 U.S.C. § 3801(a)(16). If so, the court had to consider the extent to which the claims were actions under the Administrative Procedure Act ("APA") subject to review on the record. Based on the facts in the administrative record, the district court found that there were substantial areas of natural wetlands on the property, and that FmHA's determination of the easement area was not arbitrary, capricious, an abuse of discretion, and was otherwise in accordance with the law.
 
 
 5
 Plaintiff timely appealed. Argument was scheduled for July 10, 1991. Prior to argument, appellants moved this court for a continuance of oral argument, and, simultaneously, moved for relief from the district court's judgement under Fed.R.Civ.P. 60(b)(2), claiming that it had discovered new evidence. We granted appellants' motion for a continuance pending the district court's determination on the motion for relief from judgement. On October 1, 1991, the district court entered an order denying the Rule 60(b)(2) motion. This decision, also, was timely appealed.
 
 
 6
 The two appeals have been consolidated and we affirm the district court in all respects.
 
 I.
 
 7
 In 1980, the Miles financed the purchase a 1046 acre cattle ranch in Baker County, Oregon, in part, through a $250,000 FmHA loan secured by both a second mortgage on the property and a chattel mortgage. Four years later, the Miles fell on hard times and defaulted on the FmHA loan. Facing foreclosure in November of 1985, they deeded the ranch to the FmHA, which then payed off the senior note. The Miles continued their ranching operation at the permission of the FmHA.
 
 
 8
 One month later, Congress passed the Food Security Act which requires the FmHA to offer lease-back/buy-back rights to former owners of FmHA inventory property. In compliance with the Act, the FmHA offered the Miles a one-year lease with a three-year option to purchase. The Miles accepted. The lease was executed in March of 1987 and given retroactive effect as of November 1, 1986.
 
 
 9
 The following year, the United States Fish and Wildlife Service ("FWS") inspected the property leased by the Miles, identified a wetlands complex on the ranch, and recommended that a conservation easement be imposed on the entire 1046 acre tract. After a second inspection, attended by Mr. Miles, representatives of the FmHA, the FWS, the United States Soil Conservation Service ("SCS"), the Oregon Department of Fish and Wildlife ("ODFW"), the FmHA staked out an easement encompassing 609 of the property's 1046 acres.
 
 
 10
 In February of 1989, the FmHA notified the Miles that a wetlands easement would be imposed on the designated 609 acres. One month later, the Miles attempted to exercise their option to purchase the ranch under the November 1, 1986 lease. The FmHA immediately notified the Miles that the sale would not proceed until after a survey of the wetlands boundaries and an appraisal of the value of the ranch subject to the conservation use restriction.
 
 
 11
 The appraisal gave the property a capitalization value of $153,040 and a market value of $170,000. The FmHA offered the Miles the capitalization value, subject to the wetlands easement. The easement limited, and in some areas precluded, cattle grazing and transportation. The Miles rejected the offer. In November, 1989, the FmHA and the Miles entered into a limited lease which extended their option to purchase. The wetlands easements took effect in April of 1990, and the present action followed.
 
 II.
 
 12
 The district court opinion is thorough and well reasoned. Appellants raise little new on appeal, opting to rehash the same issues aired in the initial proceeding. The district court dismissed all contract based claims (the first, third, fourth, and part of the sixteenth claim) for lack of subject matter jurisdiction finding that the government has not waived sovereign immunity. This conclusion is dictated by Ninth Circuit precedence. See North Side Lumber Co. v. Block, 753 F.2d 1482 (9th Cir.), cert. denied, 474 U.S. 931 (1985); Price v. U.S. General Services Admin., 894 F.2d 323 (9th Cir.1990). Plaintiffs' arguments on appeal concerning Rowe v. United States, 633 F.2d 799 (9th Cir.1980), cert. denied, 451 U.S. 790 (1981) and Laguna Hermosa Corp. v. Martin, 643 F.2d 1376 (9th Cir.1981) are efforts to rehash issues that were considered and rejected in North Side and Price and persuasively dealt with by the district court. The dismissal of these claims is affirmed.
 
 III.
 
 13
 The fifth, sixth, and seventh claims concerned the effects of the FmHA's alleged failure to provide notice of the impending easement in accordance with 7 C.F.R. § 1955.137. These regulations require the FmHA to incorporate use restrictions into the conveyance instrument and to give prospective buyers notice of the existence of restrictions such as a wetlands easement. We need not decide the scope of the governments obligations under these provisions to affirm the district court's conclusion that, at most, a person who purchases land without notice of the use restriction is entitled to recision of the agreement or an action for damages. An aggrieved party is not entitled to purchase land unencumbered by the restriction. The FmHA has no authority to sell the ranch in question without first imposing an easement to protect the designated wetlands.
 
 IV.
 
 14
 The plaintiffs challenge the district court's definition of wetlands under Executive Order 11990 and the Food Security Act of 1985, 16 U.S.C. § 3801(a)(16). As a preliminary matter, the plaintiffs fail to demonstrate that the district courts factual finding that the land within the easement were natural and not artificial wetlands was clearly erroneous. There is no dispute that these laws cover natural wetlands. Furthermore, plaintiffs are mistaken as to the legal definition of wetlands. This court has recently held that wetlands, as defined in the Clean Water Act, encompass artificially created wetlands within the federally protected scheme. See Leslie Salt Co. v. United States, 896 F.2d 354, 358 (9th Cir.1990), cert. denied, 111 S.Ct. 1089 (1991). Plaintiffs' attempts to distinguish this case are unpersuasive. The district court's interpretation was correct.
 
 V.
 
 15
 The plaintiffs challenge the FmHA's designation of the wetlands area as arbitrary and capricious. The district court properly treated these claims as administrative appeals under the APA and based its ruling on the administrative record. We conduct a similar review, see Asarco, Inc. v. U.S. EPA, 616 F.2d 1153, 1161 (9th Cir.1980), and affirm the findings of the district court.
 
 
 16
 Plaintiffs fail to demonstrate that the methods used in designating the wetlands were deficient. The FmHA received technical assistance from professionals at the FWS, the SCS, and the ODFW. The FmHA conducted on site inspections and made independent assessments, rejecting the FWS's initial classification. The plaintiffs were allowed to participate in the process and the FmHA made efforts to accommodate their concerns. We find the plaintiffs' challenges to the administrative action to be without merit.
 
 VI.
 
 17
 Finally, plaintiffs appeal the denial of their Rule 60(b)(2) motion for relief of judgement due to newly discovered evidence. This evidence consisted of a post trial report from the Soil Conservation Service. Under Rule 60(b)(2), the moving party must show that the evidence (i) is newly discovered; (ii) could not have been discovered through due diligence; and (iii) is so important that it would in all probability change the outcome of the case. See Costal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 211 (9th Cir.1987). The denial of a Rule 60(b) motion is reviewed for abuse of discretion. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 18
 The district court ruled that either the report was an opinion that was not rendered until after trial, and hence was not newly discovered evidence, or the report contained factual evidence that the plaintiffs could have obtained before trial, if they had exercised due diligence. On either grounds, the evidence should not be allowed to disturb the judgement and the denial of the motion was not an abuse of discretion.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3