**Marie M. SELLERS, Appellant,**

v.

**Harold BROWN, Secretary of Defense, Appellee.**

**No. 80–1431.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 1980.

Decided Oct. 24, 1980.

Thomas K. Berg, U. S. Atty., Mary L. Egan, Asst. U. S. Atty., Minneapolis, Minn., Rebecca Brown, Law Intern, for appellee.

Mahoney, Dougherty & Mahoney, Gary C. Reiter, Minneapolis, Minn., for appellant.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiff–appellant Sellers, the 74–year–old widow of an army officer killed in World War II, commenced this action seeking approximately $16,000 under the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) for health care costs she incurred in and around Minneapolis. The district judge[1] found that although Mrs. Sellers asked for relief in declaratory judgment and equitable estoppel terms, in reality she was seeking monetary damages. He reasoned that because the damage claim exceeded $10,000 and would be assessed against the United States, exclusive jurisdiction resided in the Court of Claims pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2). The district judge dismissed the action for lack of subject matter jurisdiction, and Mrs. Sellers appeals.

Mrs. Sellers was hospitalized in 1977, and received benefits pursuant to the Medicare program. As of January 30, 1978, however, her Medicare benefits for the applicable time period were exhausted. Therefore, she applied for benefits under CHAMPUS. An agent of the Secretary denied her any benefits under this program, and this suit followed.

Title 28 U.S.C. § 1346(a)(2), commonly referred to as the Tucker Act, provides in pertinent part:

§ 1346. United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Thus, the Court of Claims has exclusive jurisdiction of monetary claims against the United States in excess of $10,000.

Mrs. Sellers contends that the Tucker Act does not apply to this case, because the gist

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

of her complaint is a request for a declaratory judgment of her status under CHAMPUS. She alleges that she wants this declaratory judgment so that she can be eligible for CHAMPUS benefits in the future. Further, if this court directs the district court to assume jurisdiction, and that court finds her eligible for CHAMPUS, then the court can transfer any claim in excess of $10,000 to the Court of Claims.

We must look beyond the facial allegations of the complaint to determine the true nature of this suit. We think that Mrs. Sellers' interest in future benefits under CHAMPUS is miniscule compared to her claim of $16,000 benefits for costs she already has incurred. Thus, her claim "is essentially one against the United States for the payment of damages. Such a claim, when in excess of $10,000, is within the exclusive jurisdiction of the Court of Claims." *Polos v. United States*, 556 F.2d 903, 905 (8th Cir. 1977). "That the complaint is cast in terms of a declaratory judgment cannot alter the fact that what in substance is sought is a money judgment against the United States...." *Carter v. Seamans*, 411 F.2d 767, 771 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970).

The decision of the district court dismissing the case without prejudice [2] is affirmed.

---

2. The government contends that Mrs. Sellers' complaint should be dismissed on the merits because she is not eligible for CHAMPUS benefits as a matter of law. We refuse to consider the merits. First, the district court did not reach the issue. Secondly, because we find that the district court had no jurisdiction to decide the merits of this case, it follows that this court does not have derivative jurisdiction.