**J.C. PRODUCTS, INC., Plaintiff,**

v.

**The UNITED STATES of America, United States Department of Defense, Defense Logistics Agency, and Sheldon A. Kaye, Contracting Officer, Defendants.**

**No. G84–42 CA1.**

United States District Court,
W.D. Michigan, S.D.

Dec. 2, 1984.

Clary, Nantz, Wood, Hoffius, Rankin & Cooper by Donald M. Bailey and Patrick R. Sughroue, Grand Rapids, Mich., for plaintiff.

John A. Smietanka, U.S. Atty. by Anne VanderMale Tuuk, Asst. U.S. Atty., Grand Rapids, Mich., for defendants.

OPINION RE MOTION TO DISMISS

HILLMAN, District Judge.

Plaintiff, J.C. Products, Inc., a Michigan corporation, brings this action against the United States of America; its Department

of Defense; the Defense Logistics Agency, a sub-agency of the Defense Department; and Sheldon A. Kaye, an individual employed by the Defense Logistics Agency. The case is before the court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(h) for lack of subject matter jurisdiction. Defendants assert as grounds for their motion that the United States Claims Court has exclusive jurisdiction of this controversy.

Between October 16, 1981, and October 4, 1982, plaintiff was awarded two defense contracts (A586 and O593) for the production and delivery of approximately 14,000 pump assembly parts. These two contracts, after modifications, had a total contract price of approximately $777,815.00. Both contracts contained provisions for termination at the convenience of the government. Each incorporated by reference 32 C.F.R. § 7–103.21(b), the Department of Defense regulation prescribing the procedures to be followed when a contract is terminated for the convenience of the government. On July 27, 1983, plaintiff received a mailgram from defendants stating that plaintiff's contracts A586 and 0593 had been terminated for the convenience of the government.

Plaintiff claims that from the time of the contracts' award until their termination on July 27, 1983, it satisfactorily performed and fully complied with all terms, obligations and provisions of contracts A586 and O593. Plaintiff further alleges that all parts actually produced and delivered under the contracts were satisfactory, consistent with applicable specifications and otherwise in conformity with all terms and provisions of the contracts.

Defendants, on the other hand, claim deliveries of pump assemblies in April, 1983, were tested and that a 60% failure rate was found. In any event, these disputed facts are not pertinent to resolution of defendants' motion. The merit of plaintiff's case or defendants' defense is not at issue. First, the jurisdiction of this court to hear the case must be resolved.

Defendants argue that even accepting plaintiff's version of the facts as true, the only proper forum for resolution of plaintiff's claim is the United States Claims Court. In support of their position, defendants argue that plaintiff's underlying claim is based on contracts with the United States and that the Tucker Act (28 U.S.C. §§ 1346, 1491) excludes this action from the jurisdiction of this court. Section 1346(a)(2) provides in pertinent part:

"(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, *except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.*"

(Emphasis added).

28 U.S.C. § 1491(a)(1) provides in pertinent part:

"The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon *any express or implied contract* with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

(Emphasis added). Defendants maintain that the explicit language of these statutes prohibits the concurrent jurisdiction of this court with the United States Claims Court.

Plaintiff argues, however, that its claims are not contract claims. It asserts rather

that its cause of action is: (a) a challenge to arbitrary and capricious action by an agency of the federal government, and (b) a constitutional claim based on the fifth amendment to the United States Constitution. Further, plaintiff argues that it does not claim a breach of contract and seeks no money damages against the United States. Instead, it seeks review of arbitrary and unconstitutional agency action pursuant to 28 U.S.C. § 1331 and section 702 of the Administrative Procedure Act (5 U.S.C. § 702), and, as a remedy, only injunctive and/or declaratory relief.

After careful review of plaintiff's complaint, consideration of the arguments advanced by the parties, as well as cases cited to support those arguments, I am persuaded that plaintiff's cause of action is founded on its express contract with the United States and further that it is a claim against the United States for an amount in excess of $10,000 and is, therefore, subject to the exclusive jurisdiction of the United States Claims Court, pursuant to 28 U.S.C. §§ 1346 and 1491(a)(1). The practical result of granting plaintiff's request for declaratory and injunctive relief would be reinstatement of the terminated contracts. Defendants' performance under the terminated contracts would be the payment of money, the contract price, in excess of $10,-000. Additionally, the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq., was expressly incorporated into the parties' contract. Claims based on a contract subject to the Contract Disputes Act are explicitly excluded from the jurisdiction of this court.

The Sixth Circuit has affirmed the principle that the exclusive jurisdiction of the Court of Claims cannot be avoided by couching a prayer for monetary relief in terms of a request for injunctive or declaratory relief. *Chelsea Community Hospital v. Michigan Blue Cross*, 630 F.2d 1131, 1136 (6th Cir.1980). *See also Rowe v. United States*, 633 F.2d 799 (9th Cir.1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981); *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1379 (9th Cir.1981); *Sellers v. Brown*, 633 F.2d 106 (8th Cir.1980); *Alamo Navajo School Bd.*

*Inc. v. Andrus*, 664 F.2d 229 (10th Cir. 1981), *cert. denied, Apachito v. Watt*, 456 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982); *Portsmouth Redevelopment and Housing Authority v. Pierce*, 706 F.2d 471 (4th Cir.1983). The Court of Claims itself has held that where the prime effort of the complaining party is to obtain money from the federal government, the Court of Claims' exclusive jurisdiction over non-tortious claims, in excess of $10,000, cannot be evaded or avoided by framing a district court complaint to appear to seek only injunctive, mandatory or declaratory relief. *Hoopa Valley Tribe v. United States*, 596 F.2d 435, 219 Ct.Cl. 492 (1979).

Plaintiff's allegations that it was deprived of property without due process of law and that the Department of Defense acted in an arbitrary or capricious manner do not compel a different result. In *American Science & Engineering, Inc. v. Califano*, 571 F.2d 58 (1st Cir.1978), the court faced a similar argument by a scientific research and development corporation which had entered into a contract with the Department of Health, Education and Welfare (HEW) for the development of a new X-ray system. Plaintiff brought a three-count complaint in the district court alleging breach of contract and breach of applicable HEW regulations and conduct violative of plaintiff's right to due process of law. It sought injunctive and declaratory relief as well as damages in the amount of $100,000,000.00. As alternative bases for jurisdiction, plaintiff invoked 5 U.S.C. § 701, *et seq.* (Administrative Procedure Act), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1361 (mandamus jurisdiction). *Id.* at 60.

The court found that the essence of plaintiff's claim was that HEW breached its contract with the manufacturer to produce devices developed. The court held that jurisdiction of the action was in the Court of Claims, rather than the federal district court, despite the manufacturer's characterization of the action as one where the agency had acted outside its authority,

in violation of its regulations and in violation of due process of law. The court in *American Science and Engineering* also rejected an argument, similar to that made by J.C. Products in the instant action, that payment of money after judgment by the Court of Claims would not adequately protect its interest. The court stated:

"That the Court of Claims cannot provide the precise relief requested is no grounds for denying its jurisdiction over the claim ... the remedy for breach of a contractual obligation is money damages which the Court of Claims is fully capable of assessing."

(Citations omitted). *Id.* at 62.

Plaintiff here has not alleged a breach of contract nor requested any monetary relief. However, I am persuaded that the gravamen of plaintiff's complaint is that the United States did not honor the terms of its contract with plaintiff. I am also convinced that to grant plaintiff the injunctive and declaratory relief requested would be equivalent to a money judgment against the United States in excess of $10,000. "That the complaint is cast in terms of a declaratory judgment cannot alter the fact that what in substance is sought is a money judgment against the United States ..." *Carter v. Seamans*, 411 F.2d 767, 777 (5th Cir.1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970).

Accordingly, exclusive jurisdiction of this action lies in the Court of Claims. To find otherwise on the instant facts would seriously undermine the Tucker Act and the jurisdiction of the Court of Claims. It is difficult to imagine a situation where a party whose contract with a government agency has allegedly been breached, could not assert that the breach constituted arbitrary and capricious agency action and deprivation of property without due process of law. In *Megapulse, Inc. v. Lewis*, 672 F.2d 959 (D.C.Cir.1982), relied on by plaintiff in the instant action, the court recognized the danger in allowing this type of circumvention of the Tucker Act. The *Megapulse* court quoted *International Engineering Co., Division of A–T–O, Inc. v. Richard-son*, 512 F.2d 573, 580 (D.C.Cir.1975), *cert. denied, International Engineering Co., Division of A–T–O, Inc. v. Rumsfeld*, 423 U.S. 1048, 96 S.Ct. 774, 46 L.Ed.2d 636 (1976), as follows:

"[I]t is hard to conceive of a claim falling no matter how squarely within the Tucker Act which could not be urged to involve as well agency error subject to review under the APA. Little imagination is needed to foresee the consequences of a holding that such claims as this may be reviewed either in a court having power to grant equitable relief against the United States or in one having none. We refuse to believe that Congress intended, in enacting the APA, so to destroy the Court of Claims by implication."

*Id.* at 967, n. 34.

Plaintiff relies primarily on two cases in support of its position that this court may properly assert jurisdiction over its claim for declaratory and injunctive relief. In *Megapulse v. Lewis*, 672 F.2d 959, a government contractor filed an action seeking to enjoin an alleged violation of the Trade Secrets Act (18 U.S.C. § 1905). The district court granted the government's motion for summary judgment on the ground that it had no subject matter jurisdiction over the action. The court of appeals reversed and held that the district court did have jurisdiction over the suit which sought injunctive relief to prevent the alleged Trade Secrets Act violation, which alleged violation consisted of disclosure of information provided to the government pursuant to plaintiff's contract with the government. The court found that the contract's existence did not render the claims automatically within the scope of the Tucker Act and that the district court had the authority to grant the injunctive relief requested.

However, the facts in *Megapulse*, and the factors relied on by the court in that case, are distinguishable from those in the instant action. First, in *Megapulse*, plaintiff was asserting a proprietary right in intellectual property under a statutory basis of jurisdiction independent and alterna-

tive to the Tucker Act, i.e., the Trade Secrets Act; "... a claim validly based on grounds other than a contractual relationship with the government." *Id.* at 968. Second, in *Megapulse*, the court was convinced that plaintiff's claims against the government were not "disguised contract claims." Instead, it was the government which was relying on the contract to defend against those claims. While the government's defense raised contractual issues, plaintiff's claim was not founded on the contract. Finally, granting plaintiff's requested relief would not have required the government to pay a sum of money, but would have enjoined the government from disclosing certain information which plaintiff claimed belonged to it.

I find plaintiff's assertion that the instant action is analogous to *Megapulse* unconvincing for the following reasons. The gist of plaintiff's complaint here is the government's termination of its contract with plaintiff. Despite plaintiff's attempt to characterize it as a review of arbitrary and capricious agency action and as a constitutional claim, I am persuaded it is a disguised contract claim. Not only is the contract the source of plaintiff's rights against the government, but granting the relief requested would require the government to pay money, namely the contract price, to plaintiff. Thus, both the heart of plaintiff's claim against the government and the relief requested are based on its contract with the government. The *Megapulse* court was itself careful to re-emphasize that an action against the United States, which at its essence is a contract claim, must be adjudicated in the Court of Claims. *Id.* at 967.

The case of *Vibra-Tech v. United States,* 567 F.Supp. 484 (D.Col.1983), also relied on by plaintiff, is likewise distinguishable. In that case, plaintiff's contract was terminated for the convenience of the government. The court granting the equitable and declaratory relief requested would result in a money judgment against the United States in an amount in excess of $10,000. Accordingly, exclusive jurisdiction of plaintiff's claim lies in the Court of Claims pursuant to 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491(a)(1). Defendant's motion to dismiss for lack of subject matter jurisdiction is, therefore, granted.