**David L. MENDENHALL,
Petitioner–Appellant,**

**v.**

**Richard KUSICKO and U.S. Forest Service, (Pierce Ranger District, Kamiah, Idaho), Respondents–Appellees,**

**and**

**United States Department of Agriculture, Real-Party-in-Interest.**

**No. 87–4048.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 23, 1988 *.

Decided Sept. 29, 1988.

David L. Mendenhall, Kooskia, Idaho, in pro. per.

Jeffery W. Ring, Asst. U.S. Atty., Boise, Idaho, for respondents-appellees.

Before BROWNING, HUG and BEEZER, Circuit Judges.

PER CURIAM:

David L. Mendenhall appeals the district court's dismissal for lack of subject matter jurisdiction of his claim for breach of two timber sales contracts against Richard Kusicko, a contracting officer employed by the United States Forest Service ("Forest Service"). He contends that the district court erred by dismissing his breach of contract action under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613, because his claim against the Forest Service is actually constitutional, not contractual, in nature.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Mendenhall's claim against the Forest Service is subject to the CDA because (1) his claim is founded upon an express contract with the United States within the meaning of 28 U.S.C. § 1346(a)(2), and (2) a timber sale contract is a contract for the disposal of personal property within the meaning of 41 U.S.C. § 602(a) of the CDA. *See, e.g., Ingersoll–Rand Co. v. United States*, 780 F.2d 74, 79 (D.C.Cir.1985) (discussing scope of section 602(a)); *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed.Cir.1983) (same). Because Mendenhall's timber sale contracts are subject to the provisions of the CDA, jurisdiction lies with the Court of Claims. *See Ingersoll–Rand*, 780 F.2d at 76. 28 U.S.C. § 1631 directs that when a court finds that it lacks jurisdiction it shall transfer the action to the proper court, if such transfer is in the interests of justice.

It is therefore ordered that this action be transferred to the Court of Claims.