**MURPHY TIMBER COMPANY, INC., Plaintiff,**

v.

**Robert TURNER, et al., Defendants.**

**Civ. No. 91–6117–JO.**

United States District Court, D. Oregon.

July 29, 1991.

Douglas C. Blomgren, Preston Throgrimson Shidler Gates & Ellis, Portland, Or., for plaintiff.

Thomas C. Lee, U.S. Attys. Office, Portland, Or., for defendants.

## ORDER

ROBERT E. JONES, District Judge:

The defendants, Robert Turner, John Butruille, F. Dale Robertson, and the Forest Service, United States Department of Agriculture, move the court to transfer this action to the United States Claims Court. Further, the defendants invoke 28 U.S.C. § 1292(d)(4)(B), which provides that "[w]hen a motion to transfer an action to the Claims Court is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled on the motion."

On September 21, 1990, the contract for the timber sale, called the Little Green Horn sale, was awarded to Murphy Timber Company, Inc. ("Murphy"). Pursuant to the terms of the bid instructions, any failure to return the executed contract for the Little Green Horn sale within the time specified by the Forest Service would constitute a breach of the contract. The Little Green Horn award letter specified that Murphy was required to return an executed copy of the contract within thirty days, or by October 22, 1990.

Murphy returned the executed contract on November 6, 1990, upon learning that the Forest Service was of the position that the return date was October 22, 1990. Murphy alleges that it understood the return date to be November 19, 1990, thirty days after being notified by the Forest Service, about a different timber sale, that the Forest Service considered Murphy to be a financially responsible bidder.

On November 6, 1990, defendants sent Murphy a letter asserting that failure to return the contract executed within thirty days constituted a repudiation of the contract.

The parties, including Murphy, presented the dispute to the contracting officer. 41 U.S.C. § 605(a) ("All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision."). The officer found that Murphy repudiated the contract and that, therefore, the Forest Service's contract cancellation regulations were inapplicable. Murphy actively participated in the decision before the contracting officer, as evidenced by the contracting officer's letter.

Subsequently, Murphy filed this complaint seeking a declaration that Murphy has a valid timber sale contract for the Little Green Horn timber, declaring defendants' actions to be arbitrary, capricious, an abuse of discretion, and not in accordance with law, and declaring defendants' actions to be unlawful agency action. Mur-

phy further asks the court to enjoin defendants from awarding or offering the Little Green Horn timber sale to any party other than Murphy.

The complaint filed by Murphy places the court's jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. The claims alleged by Murphy fall under the Administrative Procedure Act, specifically, 5 U.S.C. § 706(2)(A) & (D), and under the provision for declaratory judgments, 28 U.S.C. § 2201.

### LACK OF JURISDICTION

#### 1. Contract Disputes Act

■ Defendants argue that because the contract is governed by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613, this court lacks jurisdiction. *Mendenhall v. Kusicko,* 857 F.2d 1378 (9th Cir.1988) explains when a contract is governed by the CDA.[1] *Mendenhall* states as follows:

David L. Mendenhall appeals the district court's dismissal for lack of subject matter jurisdiction of his claim for breach of two timber sales contracts.... He contends that the district court erred by dismissing his breach of contract action under the ... CDA ... because his claim against the Forest Service is actually constitutional, not contractual, in nature.

Mendenhall's claim against the Forest Service is subject to the CDA because (1) his claim is founded upon an express contract with the United States within the meaning of 28 U.S.C. § 1346(a)(2), and (2) a timber sale contract is a contract for the disposal of personal property within the meaning of 41 U.S.C. § 602(a) of the CDA.... *Because Mendenhall's timber sale contracts are subject to the provisions of the CDA, jurisdiction lies with the Court of Claims.*

*Mendenhall,* 857 F.2d at 1378–79 (emphasis added).

In the present case, Murphy's claim is founded upon an express contract with the

---

**1.** Further, the court notes that defendants submit that the contract contained a "disputes" provision, which provided that "[t]his contract is subject to the Contract Disputes Act." Memorandum in Support of Motion to Transfer, Exhibit A.

**536**

United States. See 28 U.S.C. § 1346(a)(2) ("[T]he district courts shall not have jurisdiction of *any* civil action or claim against the United States founded upon any express or implied contract with the United States ... which are subject to ... the Contract Disputes Act....") (emphasis added).

In addition, as *Mendenhall* states, a timber sales contract is a contract for the disposal of personal property. 41 U.S.C. § 602(a)(4).

Murphy attempts to distinguish *Mendenhall* because *Mendenhall* did not specify whether the plaintiff in that case was seeking injunctive and declaratory relief, or monetary relief. Murphy prays only for injunctive and declaratory relief.

 If Murphy had alleged jurisdiction under 28 U.S.C. § 1346(a)(2), also known as the "Little Tucker Act," this court would not have jurisdiction. Title 28 U.S.C. § 1346(a)(2) does not "authorize the district courts to grant declaratory or equitable relief against the United States.... This is true even when such relief is requested in an action brought pursuant to section 702 of the Administrative Procedure Act." *Price v. United States Gen. Servs. Admin.*, 894 F.2d 323, 324 (9th Cir.1990).

Murphy, however, attempts to plead to avoid the CDA, 28 U.S.C. § 1346(a)(2) and jurisdiction with the Claims Court by alleging jurisdiction under 28 U.S.C. § 1331. Framing the complaint in this manner, however, does not vest jurisdiction with the district court.

### 2. *Sovereign Immunity*

 "[T]he analysis of jurisdiction cannot stop with § 1331, because the claims in this case are in essence against the federal government, and thus are barred by sovereign immunity unless the government has consented to suit." *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985) (footnote omitted). Like with the impracticability claim in *North Side Lumber*, this court does not have jurisdiction to grant injunctive relief because the United States has not waived its sovereign immunity.

The impracticability claim ... is subject to the Tucker Act's [28 U.S.C. §§ 1346 and 1491] implied restrictions on relief. It is concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract. As such, the impracticability claim is "founded ... upon [a] ... contract with the United States" and is therefore within the Tucker Act and subject to its restrictions on relief.... If we were to construe § 702 [of the APA] to waive sovereign immunity on the impracticability claim, Congress' intent not to allow post-award declaratory relief on government contracts would be frustrated. The district court does not have jurisdiction of the impracticability claim.

*North Side Lumber*, 753 F.2d at 1486.

Because Murphy seeks a "declaration of contract rights against the government," *North Side Lumber*, at 1486, the court does not have jurisdiction to hear this claim. In order for the court to declare contract rights against the government, the court would necessarily have to delve into questions involving the contract, not questions involving issues independent of the contract. Plaintiff's suit is for the enforcement of a contract. *See J.C. Products, Inc. v. United States*, 608 F.Supp. 92, 94 (W.D.Mich.1984) (although plaintiff's contract did not seek money damages or claim a breach of contract, the court was "persuaded that plaintiff's cause of action is founded on its express contract with the United States."); *see also Sharp v. Weinberger*, 798 F.2d 1521, 1524 (D.C.Cir.1986) ("We know of no case in which a court has asserted jurisdiction either to grant a declaration that the United States was in breach of its contractual obligations or to issue an injunction compelling the United States to fulfill its contractual obligation."); *see also Wabash Valley Power Ass'n, Inc. v. Rural Elec. Admin.*, 903 F.2d 445, 452 (7th Cir. 1990) ("The district court ... [held] that it may issue declaratory relief so long as that relief is not grounded in contract ... Notwithstanding its recognition of jurisdictional limits, the district court dwelt on the ...

promises [made from one party to another].... Because any effort to obtain specific performance of a contract with the United States belongs in the Claims Court, the district judge should not have considered ... [the] contractual claims.").

Murphy cites to *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376 (9th Cir.1981) and *Rowe v. United States,* 633 F.2d 799 (9th Cir.1980) for support. In those cases, "the plaintiffs' reliance on statutory rights kept their claims from being 'founded ... upon [a] ... contract with the United States' within the meaning of the Tucker Act." *North Side Lumber,* 753 F.2d at 1485. "[T]he holdings of Rowe and Laguna Hermosa [however] are limited to the facts of those cases." *Price v. United States Gen. Servs. Admin.,* 894 F.2d 323, 324 n. 3 (9th Cir.1990). *Rowe* involved a claim under the Alaska Native Claim Settlement Act. *Laguna Hermosa* involved a claim under the Reclamation Development Act.

Defendants assert that Murphy's "claim ... that the contract has been cancel[l]ed contrary to regulation is simply an artful attempt to plead a routine contract dispute into District Court." Memorandum in Support of Motion to Transfer, p. 3. *Cf. Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 736 F.Supp. 267, 270–71 (N.D.Ga.1990) ("Plaintiffs' carefully pled complaint does not allege contract claims.... Plaintiffs in this case assert statutory causes of action [based on the Endangered Species Act, the National Forest Management Act, and the National Environmental Policy Act] and seek remedies that are separate from any potential contract claims. Given the rights that Plaintiffs allege they seek to enforce, Plaintiffs' claims are not within the exclusive jurisdiction of the Claims Court.").

Murphy's statement of this action under the Multiple–Use Sustained Yield Act, the National Forest Management Act, and the rules of the United States Department of Agriculture Forest Service [2] is an unsuccessful attempt to bring this action within *North Side Lumber's* contemplation of an action not founded upon a contract with the United States. Merely citing the statutes is not enough. *Ingersoll–Rand Co. v. United States,* 780 F.2d 74, 77 (D.C.Cir. 1985). Murphy points to nothing that shows the United States has waived its sovereign immunity.

This case does not "rest on bottom on statutory rights," *North Side Lumber,* at 1485, but sounds clearly in contract. The federal regulations with which Murphy asks the court to require the federal officials to conform pertain to the "cancellation" of the Little Green Horn contract. The contracting officer already determined that the contract was not cancelled, but repudiated. Therefore, the contracting officer deemed that the cancellation regulations do not apply to this action. The regulations to which Murphy points apply only if the court interprets the events surrounding the contract's formation and termination differently than did the contracting officer. Murphy is not asking "for a declaration that, whatever the content of ... [its] rights, federal statutes [and regulations] preclude the government from enforcing them." *North Side Lumber,* 753 F.2d at 1486. Murphy is essentially asking for a declaration of its rights.

Further, 41 U.S.C. § 605(b) mandates the exclusive appeal procedure from a contracting officer's decision. Murphy's appeal of the contracting officer's decision that the contract was repudiated can be heard either by the agency board of contract appeals, 41 U.S.C. § 606, or by the Claims Court. 41 U.S.C. § 609(a). 41 U.S.C. § 605(b) ("The contracting officer's decision on the claim shall be final and conclu-

---

**2.** Murphy's complaint, however, only alleges violations of 1) 5 U.S.C. § 706(2)(A) of the APA because of defendants' alleged failure to follow 36 C.F.R. §§ 223.102 and 223.116; and 2) 5 U.S.C. § 706(2)(D) because of defendants' alleged failure to follow 36 C.F.R. §§ 223.102 and 223.116.

Murphy's complaint merely mentions the Multiple–Use Sustained–Yield Act and the National Forest Management Act in the context that the Forest Service is "responsible for managing the nation's national forests pursuant to the provisions of" these acts. Murphy's complaint does not allege that defendants' conduct violated these acts.

sive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter.").[3]

This case is subject to the CDA. *See Mendenhall, supra.* Jurisdiction is exclusively with the Claims Court.

### 3. *Pre–Award Injunctive Relief*

Murphy also seeks an injunction prohibiting defendants from offering the timber sale to others. Defendants submit that this court does not have pre-award injunctive jurisdiction and that 28 U.S.C. § 1491(a)(3) grants exclusive jurisdiction to the Claims Court. *J.P. Francis & Assocs., Inc. v. United States*, 902 F.2d 740 (9th Cir.1990).

In *J.P.*, plaintiff's bid for a construction project was rejected as untimely. Plaintiff exhausted his administrative remedies. Next, plaintiff brought suit in federal district court to enjoin the defendant from awarding the contract to a competing bidder. The Ninth Circuit held that 28 U.S.C. § 1491(a)(3) divests the district court of subject matter jurisdiction over pre-award government contract claims.

Title 28 U.S.C. § 1491(a)(3) provides "[t]o afford complete relief on any contract claim brought before the contract is awarded, the court [the Claims Court] shall have exclusive jurisdiction."

In the present case, the contract was awarded, but then repudiated, according to the contracting officer. Title 28 U.S.C. § 1491(a)(3) does not fit nicely within the facts of this case.

Assuming that 28 U.S.C. § 1331 is the jurisdictional basis that Murphy asserts, this court does not have jurisdiction because Murphy seeks the injunction against the United States. Murphy does not point to any provision that shows the United States waived its sovereign immunity. *See North Side Lumber*, at 1486 ("If we were to construe § 702 [of the APA] to waive sovereign immunity on the impracticability

claim, Congress' intent not to allow post-award declaratory relief on government contracts would be frustrated."); *Price*, 894 F.2d at 324–25. This court does not have jurisdiction because the United States has not waived its sovereign immunity.

The resolution of this issue, whether defendants may permissibly offer the timber sale to another party, is tied to the status of Murphy's contract with the United States. The Claims Court is the proper forum for the resolution of this issue.

### CONCLUSION

Murphy has and is employing the available remedy of appealing the contracting officer's decision to the board or to the Claims Court. This court, although it does not have jurisdiction to hear the merits, does have jurisdiction to transfer the case.

Pursuant to 28 U.S.C. § 1631, this action is TRANSFERRED to the Claims Court. Defendants' motion to transfer (# 8) is GRANTED.

---

**3.** The court notes that Murphy recently filed a notice of appeal of the contracting officer's deci-

sion to the agency board of contract appeals.