# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2985

_____

Theodore W. Parsons, Jr.,      *
     *
     Appellant,      *
     *  Appeal from the United States
     v.      *  District Court for the
     *  District of Nebraska.
United States Air Force, Secretary of      *
the Air Force,      *  [UNPUBLISHED]
     *
     Appellee.      *

_____

Submitted: June 7, 2000
Filed: June 12, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Theodore Parsons, Jr., appeals the District Court's[1] order dismissing without prejudice for lack of jurisdiction his 10 U.S.C. § 1552 (1994 & Supp. IV 1998) action, in which he sought correction of his military records, and declining transfer to the Court of Federal Claims. Parsons argues the District Court erred by failing to view the facts in a light most favorable to him, by refusing to exercise jurisdiction over his equitable claims, and by declining to transfer his action. After carefully reviewing the record, see

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (appellate court must determine whether district court's application of law is correct and its findings on disputed factual issues are clearly erroneous), we affirm.

We disagree with Parsons that the facts should have been viewed in a light most favorable to him: defendant's jurisdictional challenge was a factual attack under Federal Rule of Civil Procedure 12(b)(1), and the District Court was thus free to weigh evidence and determine the existence of its power to hear the case, and no presumptive truthfulness attached to Parsons's allegations. See id. at 729-30 & n.6. The District Court correctly looked beyond the face of Parsons's complaint to determine the true nature of his suit, see Sellers v. Brown, 633 F.2d 106, 108 (8th Cir. 1980) (per curiam), and correctly concluded that jurisdiction was exclusively in the Court of Federal Claims. If Parsons had succeeded in having his administrative dismissal rescinded and being reinstated to the rolls of the Air Force, he would have been entitled to more than $10,000, see Mullally v. United States, 95 F.3d 12, 14 (8th Cir. 1996) (per curiam) (claims against United States exceeding $10,000 based upon Constitution, federal statute, regulation, or contract are in exclusive jurisdiction of Court of Federal Claims); and Parsons did not show his reinstatement had value apart from determining the government's liability for his retirement benefits, cf. State of Minnesota v. Heckler, 718 F.2d 852, 858 (8th Cir. 1983) (if equitable relief claimant seeks has significant prospective effect or value apart from merely determining monetary liability of government, it is paramount and district court may assume jurisdiction over nonmonetary claims).

The District Court also properly determined that it was not in the interest of justice to transfer Parsons's case to the Court of Federal Claims, see Mullally, 95 F.3d at 14, as his action was time-barred in that court, see D'Andrea v. United States, 27 Fed. Cl. 612, 614, aff'd, 6 F.3d 786 (Fed. Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.